JOHN T. GUNN, *Petitioner,* v. F. M. ROBLES, as Judge of the Circuit Court of Hillsborough County, Florida, and S. T. WOODWARD, *Respondent.*

En Banc.

Opinion filed October 8, 1930.

*Chancey & Thomas* and *Mabry, Reaves & White*, for Petitioner;

*Shackleford, Ivy, Farrior & Shannon*, for Respondent.

PER CURIAM.—A rule was issued herein to show cause why the circuit judge should not be prohibited from entertaining jurisdiction of a statutory contest over the result of a primary election for the nomination of a county commissioner.

Under Section 416, (359) Comp. Gen. Laws, 1927, "all contests over the results of a primary election shall be determined according to the law applicable to like contests over the results of a general election."

Section 444 (379) provides that "the election of any person to the office of county judge," and other specified county officers, not including county commissioners, "may be contested before the circuit court of the county" in stated statutory proceedings.

Where a particular remedy is conferred by statute it can be invoked only to the extent and in the manner prescribed. The words "like contests" as used in Section 416 have reference to the authority and procedure defined by Section 444.

As there is under Section 444 no authority for a statutory contest of the *election* of a county commissioner there is under Section 416 no authority for a statutory contest of the *nomination* of a county commissioner in a primary election.

A writ of prohibition awarded.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.