■ ALFRED R. BACHRACH et al., Respondents, v. 1001 TENANTS CORPORATION et al., Appellants.— Order, entered on December 27, 1963, denying defendants' motions to dismiss the complaint under the Civil Practice Law and Rules (3211, subd. [a], pars. 1, 7) unanimously reversed, on the law, and motions granted, without costs to any party. In this action to recover compensatory damages for the exclusion of plaintiffs from acquiring an interest in a co-operative apartment because of alleged religious discrimination, plaintiffs perforce rely on the statute to establish the wrong (Administrative Code of City of New York, §§ D1–1.0 — D1–4.0, formerly §§ X41–1.0 — X41–4.0). The statute provides an administrative remedy, and judicial remedies only on the initiative of the named administrative agency. Although, in this field of governmental regulation, there has been careful attention to the provision or exclusion of private or individual remedies, no such provision was made in the instant legislation. (See, e.g., Executive Law, § 300.) This is a cogent indication that the intention was to exclude such remedy. Moreover, the nature of the regulation and the purpose for its creation was not to establish a remedy for a compensable damage based upon the difference in value of obtainable accommodations, but rather to prevent insidious segregation based upon race, color, religion, national origin and ancestry, regardless of the comparative value between obtainable housing and housing segregated on invalid grounds. Thus, there is no reference in the statute which lends itself to support such a remedy. On the other hand, the procedures for conciliation and confidentiality of proceedings in the first instance suggest that a quite different approach from that of damage actions is contemplated. These are added cogent indications that the legislation was intended to exclude the private or individual remedy in an action for damages. The evil or mischief to be corrected, in the case of housing, at least in the case of high rent or co-operative housing, was not

so much an economic one, but a social and cultural evil. In thus holding, the court does not apply mechanically any rule that a statute creating a new substantive right with provision for a remedy, establishes such remedy as the exclusive one. The test, as with all legislation, is the manifested intention of the Legislature with the purpose of the legislation in mind (cf. Restatement, Torts, §§ 286–288; Note: Implying Civil Remedies from Federal Regulatory Statutes, 77 Harv. L. R. 285–298; Loss, Private Actions under the Proxy Rules, 73 Harv. L. R. 1041, 1045–1058). The Court of Appeals in *Drinkhouse* v. *Parka Corp.* (3 N Y 2d 82) did not do otherwise, but referred specifically to the internal evidence in the statute which limited the remedies to those included in the statute (pp. 89–90). In this delicate area of human relations, if the Legislature intends establishing an action for damages sustained individually on the basis of comparative values in real property, it would be much better if that intention were expressed. It should not be implied where the legislative history in this general area is so rich in current experience in the devising and selection of remedies, and the exclusion of others. Concur — Brieitel, J. P., McNally, Stevens, Eager and Steuer, JJ. [41 Misc 2d 512.]