CHARLES CARROLL, Chief Judge.
Appellant seeks reversal of an order dismissing his complaint, filed under § 102.-161 Fla.Stat., F.S.A.,[1] to contest an election of the City of North Miami, in which appellant was an unsuccessful candidate for the office of councilman.
The complaint, filed within the 10-day period specified in the statute, was not verified. After the period allowed for the filing of such complaint had expired, the complaint was amended to include a verification. The defendant filed an answer incorporating a motion to dismiss, and the trial court dismissed the complaint for failure to file a sworn bill within the 10-day period. In so holding the trial court was eminently correct, and we affirm.
In an early interpretation of the statutory action invoked by the appellant here, the *328 Supreme Court said: “The statutory provisions under which this proceeding is brought are not shown to violate organic law. * * * The purpose of the statute is not to supersede proceeding by quo war-ranto, but is to afford a simple and speedy means of contesting elections to stated offices.” Farmer v. Carson, 110 Fla. 245, 148 So. 557, 559. Also, in the case of Gunn v. Robles, 100 Fla. 816, 130 So. 463, commenting on the statute, the Supreme Court said: “Where a particular remedy is conferred by statute, it can be invoked only to the extent and in the manner prescribed.” Compare Griffin v. Knoth, Fla. 1953, 67 So.2d 431, in which it was held that where a sworn complaint filed within 10 days after canvass of returns, raised only a dispute as to the absentee ballots, a new ground of contest relating to the returns on the machines could not be included and presented by amendment of the pleadings after the 10-day period in question.
The order of the trial court dismissing the complaint in the present case is supportable on the further ground that the complaint named as defendant the City of North Miami, whereas the enabling statute provided : “The successful candidate and the canvassing board or election board shall be the proper party defendants.”
The general proposition that when a statutory action is availed of the provisions for its exercise must be strictly followed is especially applicable here, as we are dealing in this instance with a statutory action for an election contest. As to this type litigation there is a public interest in promptness and finality of decision. In apparent recognition thereof the legislature, in granting the privilege of contest by suit in equity, sought to secure promptness by requiring that such actions be filed within 10 days after canvass, and required the contest to be submitted by a sworn complaint, setting forth the grounds relied upon and addressed to designated defendants. Jurisdiction of the trial court to entertain an election contest under that statute depends upon the filing of a complaint thereunder within the time and in the form and content as directed in the statute.
Because of its failure to meet the requirements of the statute in the two respects referred to above, the complaint was vulnerable to a motion to dismiss.
Affirmed.

. “The certification of election or nomination of any person to office may be contested in the circuit court in accordance with chancery procedure by any unsuccessful candidate for such office, or by any taxpayer on any question submitted by referendum. Such contestant shall file a sworn bill of complaint within ten (10) days after midnight of the completion of the canvass by the canvassing board of the election returns for the office which- is being contested, and shall set forth the grounds on which he intends to establish his right to such office, or to set aside the result of the election on a submitted referendum. The successful candidate and the canvassing board or election board shall be the proper party defendants.”