516 So.2d 1125 (1987)
CITY OF MIAMI, a Municipal Corporation, and Herbert Breslow, Appellants/Cross-Appellees,
v.
Michael M. COSGROVE, Appellee/Cross-Appellant.
No. 86-2015.
District Court of Appeal of Florida, Third District.
December 22, 1987.
*1126 Morgan, Lewis & Bockius and Peter J. Hurtgen and Jean F. Reed, Miami, for appellants/cross-appellees.
Stinson, Lyons & Schuette and Thomas B. Bourque, Miami, for appellee/cross-appellant.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We conclude that the exclusive remedy for noncompliance with Section 112.532, Florida Statutes (1983), is injunctive relief as provided in Section 112.534, Florida Statutes (1983), and accordingly reverse the money judgment for the appellee, Michael M. Cosgrove.
Section 112.532, Florida Statutes (1983), popularly known as the Policeman's Bill of Rights, gives to law enforcement and correctional officers certain detailed procedural rights and privileges and, pertinent to the present case, provides:
"(4) NOTICE OF DISCIPLINARY ACTION.  No dismissal, demotion, transfer, reassignment, or other personnel action which might result in loss of pay or benefits or which might otherwise be considered a punitive measure shall be taken against any law enforcement officer or correctional officer unless such law enforcement officer or correctional officer is notified of the action and the reason or reasons therefor prior to the effective date of such action.
"(5) RETALIATION FOR EXERCISING RIGHTS.  No law enforcement officer or correctional officer shall be discharged; disciplined; demoted; denied promotion, transfer, or reassignment; or otherwise discriminated against in regard to his employment, or be threatened with any such treatment by reason of his exercise of the rights granted by this part."
When Cosgrove was removed from his noncivil-service position as Assistant Chief of Police without notice or statement of reasons and returned to his permanent civilservice rank of Captain of Police, he sued the appellants for damages only, alleging that they had violated the above subsections.[1] *1127 A jury returned a verdict in Cosgrove's favor. On appeal, the appellants contend, inter alia, that relief under the Policeman's Bill of Rights is exclusively injunctive. Because we decide this issue in the appellants' favor, we need not reach any other issues raised by them or any issues raised by Cosgrove in his cross-appeal.
Section 112.534 of the Policeman's Bill of Rights provides as follows:
"Failure to comply.  If any agency employing law enforcement officers or correctional officers fails to comply with the requirements of this part, a law enforcement officer or correctional officer employed by such agency who is personally injured by such failure to comply may apply directly to the circuit court of the county wherein such employing agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of this part and to compel the performance of the duties imposed by this part."
Section 112.534 is the only remedy provision of Part VI of Chapter 112, and thus the only express remedy provision applicable to alleged breaches of Section 112.532(4) and (5).
Clearly, Section 112.534 provides only for a suit for an injunction, not for an action for damages. The applicable rule of statutory construction is expressio unius est exclusio alterius: where one thing is expressed and others are not, the Legislature is presumed to have intended to omit the items not expressed. This rule of construction is well established, see, e.g., Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986); Thayer v. State, 335 So.2d 815 (Fla. 1976); Baeza v. Pan American/National Airlines, Inc., 392 So.2d 920 (Fla.3d DCA 1980), as is its applicability to a statute which provides one remedy to the exclusion of others.[2]Bachrach v. 1001 Tenants Corp., 21 A.D.2d 662, 249 N.Y.S.2d 855 (1964), aff'd, 15 N.Y.2d 718, 256 N.Y.S.2d 929, 205 N.E.2d 196 (1965) (administrative remedy for alleged religious discrimination was exclusive; no action for compensatory damages would be inferred in absence of legislative intent); see also Gunn v. Robles, 100 Fla. 816, 817, 130 So. 463, 463 (1930) ("Where a particular remedy is conferred by statute, it can be invoked only to the extent and manner prescribed."); Department of Professional Regulation v. Florida Society of Professional Land Surveyors, 475 So.2d 939 (Fla. 1st DCA 1985) (same). The rule is particularly applicable where, as here, the statute being construed creates a new right and prescribes a specific remedy for the enforcement of that right. See State ex rel. Reno v. Barquet, 358 So.2d 230 (Fla. 3d DCA 1978) (state could not sue for damages *1128 on its behalf under Florida Deceptive and Unfair Trade Practices Law, where statute provided that state could bring action only for declaratory judgment or to enjoin violations); Burland, Reiss, Murphy, & Mosher, Inc. v. Schmidt, 78 Mich. App. 670, 673-74, 261 N.W.2d 540, 542 (1977) (recovery of commission not barred by brokerage agreement's violation of administrative rules because penalties for violation of rule concerned only broker's licensing; "where, as here, a statute or regulation creates a duty unknown to the common law, the remedy provided therein for violation of the duty is exclusive") (footnote omitted).
We thus think that the correct construction of Section 112.534 is that given it by our sister court in Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982), approved, 431 So.2d 986 (Fla. 1983), where it was decided that the plaintiff/law enforcement officers were required to bring their claims for reinstatement to the appropriate administrative board and were not entitled to avail themselves of the injunctive remedy of Section 112.534:
"This section operates only to immediately restrain violation of the rights of police officers by compelling performance of the duties imposed by Sections 112.531 to 112.533. Thus, where an officer under investigation is being interrogated without benefit of counsel, the agency may be restrained from violating his right to counsel; if an officer is dismissed without notice, the agency can be compelled to provide the proper notice; and, if an officer is refused review by the complaint review board, under appropriate circumstances, the agency can be compelled to grant such review."
Migliore v. City of Lauderhill, 415 So.2d at 65. Section 112.534, then, is no more than a vehicle for enforcing the procedures established in the preceding sections of this part of the statute; it is not a vehicle for the restoration of substantive rights, whether the restoration is sought by mandamus, injunction, or, as here, an action for damages.
Cosgrove contends, however, that even if no action for damages lies, the appellants' claim in this respect, being raised for the first time on appeal, has been waived. We disagree. While generally we will not consider on appeal an issue not presented to the trial court, an exception exists where the issue for our consideration is one of the trial court's subject matter jurisdiction. See Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d 1069 (Fla. 1st DCA 1979); Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973). The issue in this case  whether the Policeman's Bill of Rights empowers a trial court to entertain an action for damages  is, in our view, an issue concerning the trial court's subject matter jurisdiction  that is, "the power of the court to deal with a class of cases to which the particular case belongs, and ... the power of the court to adjudge as to the general question involved before it." Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d at 1070 (citation omitted); cf. Anderson v. Burwell Motor Co., 73 So.2d 822 (Fla. 1954) (since claim for punitive damages was not supported by allegations in complaint, and claimed compensatory damages were for less than jurisdictional amount, circuit court lacked subject matter jurisdiction); Hanley v. Gables Trust Co., 147 Fla. 746, 3 So.2d 725 (1941) (since plaintiff could recover no more than the contract price, and this was less than the jurisdictional amount, circuit court lacked subject matter jurisdiction); Metropolitan Drywall Systems v. Dudley, 472 So.2d 1345 (Fla. 2d DCA 1985) (since only claim remaining was for less than jurisdictional amount, circuit lacked subject matter jurisdiction); Taylor v. Lee Chevrolet, Inc., 376 So.2d 474 (Fla. 1st DCA 1979) (no subject matter jurisdiction in circuit court, since claim for punitive damages was stricken, and remaining allegations did not in good faith support amount claimed); State Farm Mutual Automobile Insurance Co. v. Wallace, 209 So.2d 719 (Fla. 2d DCA 1968) (no subject matter jurisdiction in circuit court, since insurance policy limit was only $500 for each person).
*1129 Cosgrove's other arguments are even less convincing. He argues, first, that because Section 112.534 permits but does not require an aggrieved law enforcement officer to apply for injunctive relief, he therefore may seek damages. The choice provided by the statute, however, is not between injunctive relief and damages, but between injunctive relief and no relief. Lastly, Cosgrove suggests that his suit for damages is authorized by Section 112.532(3), which, as we read it, has nothing whatsoever to do with the employee's rights vis-a-vis his employer but simply memorializes that a policeman shall have the right to sue other persons for damages suffered by the officer in the performance of his official duties.[3]
Accordingly, the final judgment under review is reversed as to Counts I, II and V of the complaint upon which Cosgrove recovered, with directions to dismiss with prejudice Counts I and II, and to enter judgment for the appellants on Count V.
NOTES
[1] Cosgrove's claim focused on the statute alone, and we thus do not address what, if any, remedies may have been available to him under other conceivable but unpleaded theories. See, e.g., Metropolitan Dade County v. Sokolowski, 439 So.2d 932 (Fla. 3d DCA 1983) (action for damages may lie for constitutional procedural due process violations). His claim under Section 25 of the City of Miami Charter, even if such section were otherwise operational, is utterly without merit. See Carter v. Garcia-Pedrosa, 442 So.2d 1022 (Fla. 3d DCA 1983).
[2] Where there exists a common law right to sue for damages, and a statute expressly authorizes injunctive relief with no mention of damages, both remedies are available to a plaintiff. Smalley Transportation Co. v. Moed's Transfer Co., 373 So.2d 55 (Fla. 1st DCA 1979). This is so because an existing common law remedy must be expressly extinguished. Peninsular Supply Co. v. C.B. Day Realty of Florida, Inc., 423 So.2d 500 (Fla. 3d DCA 1982) (no implicit abrogation of equitable lien rights in the enactment of mechanics' lien statute); see Carlile v. Game & Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977) (statute designed to change the common law must be clear and unequivocal because the presumption is that no change is intended otherwise); Ellis v. Brown, 77 So.2d 845 (Fla. 1955) (statutes are to be construed in reference to the principles of common law, for it is not presumed that the Legislature intended to make any innovation in the common law other than that which is specified); City of Pensacola v. Capital Realty Holding Co., 417 So.2d 687 (Fla. 1st DCA 1982) (same); Sand Key Associates, Ltd. v. Board of Trustees, 458 So.2d 369 (Fla. 2d DCA 1984) (where statute is in derogation of common law, presumption is that no change intended unless explicitly so stated  inference and implication cannot be substituted for clear expression), approved, 512 So.2d 934 (Fla. 1987). In the present case, neither before nor after the enactment of Section 112.534, Florida Statutes, was there a right to recover damages.
[3] Section 112.532(3) reads:

"(3) CIVIL SUITS BROUGHT BY LAW ENFORCEMENT OFFICERS OR CORRECTIONAL OFFICERS.  Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties."