544 So.2d 1162 (1989)
James C. KELLY, Appellant,
v.
S. Ray GILL, Etc., et al., Appellees.
No. 88-1739.
District Court of Appeal of Florida, Fifth District.
June 15, 1989.
*1163 Mark D. Shelnutt of Mark D. Shelnutt, P.A., Ocala, for appellant.
Robert A. Butterworth, Atty. Gen. and Deborah J. Stephens, Asst. Atty. Gen., Tallahassee, for appellees.
COBB, Judge.
The main issue on this appeal is whether the appellant (James Kelly), a former investigator for the state attorney's office, was wrongfully discharged as a result of being denied the benefits of the law enforcement officers bill of rights pursuant to section 112.531, et seq., Florida Statutes (1985).[1]
Kelly was employed as a criminal investigator for the state attorney's office for a period of 18 1/2 years. On December 26, 1984, Ray Gill, the incoming state attorney for the Fifth Judicial Circuit, telephoned Kelly and advised him that as of December 31, 1984, Kelly would be terminated from his position. No other notice or reasons were given to Kelly, nor was there any pre-termination hearing. The official notice of termination listed Kelly as having been "laid off." Approximately two years later, Kelly filed a complaint against Gill in his official capacity as state attorney. Kelly alleged that the office of the state attorney was an "employing agency" and that Kelly was a "law enforcement officer," so *1164 that a property right was created under the law enforcement officers bill of rights.
The trial court granted Gill's motion for summary judgment in regard to Kelly's claim for wrongful termination finding that no action could be maintained under a contract or tort theory. Kelly's motion for summary judgment was granted to the extent that the trial court found that section 27.255(1), (3), Florida Statutes (1985)[2] applied fully to investigators employed by the state attorney and thus, section 112.531, et seq. was applicable to Kelly also. The trial court added that even though Kelly fell within the purview of the law enforcement officers bill of rights, the particular sections provided no remedies for damages or reinstatement, but only injunctive relief which would require Gill to provide Kelly with written reasons for the latter's discharge.
Kelly filed a timely notice of appeal and contends that the trial court erred in granting Gill's motion for summary judgment as to Kelly's claim for wrongful termination regarding due process violations. On cross-appeal, Gill urges that the trial court erred in holding that Kelly was covered by the law enforcement officers bill of rights and in granting injunctive relief.
In the absence of a specific statute granting a property interest, a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party without cause and an action for wrongful discharge will not lie. Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983); Gibbs v. H.J. Heinz Company, 536 So.2d 370 (Fla. 5th DCA 1988); Grappone v. City of Miami Beach, 495 So.2d 838 (Fla.3d DCA 1986); McConnell v. Eastern Airlines, Inc., 499 So.2d 68 (Fla. 3d DCA 1986); Muller v. Stromberg, Carlson Corporation, 427 So.2d 266 (Fla. 2d DCA 1983); Roy Jorgensen Associates, Inc. v. Deschenes, 409 So.2d 1188 (Fla. 4th DCA 1982). There is also no cause of action based in common law tort for wrongful dismissal such as negligence, malice, or retaliation.[3] It is also clear that breach of an obligation of good faith and fair dealing has not been recognized in Florida as a viable cause of action, at least where a wrongful dismissal is claimed. Muller at 269.
In the instant case, Kelly has shown no express or implied contract which would remove this factual situation from the "at will" doctrine and contrary to what is alleged on appeal, an individual cannot be wrongfully discharged under an at will doctrine solely because that individual was denied some limited statutory procedural right (i.e., § 112.532(4), Fla. Stat. (1985)). A statute cannot create a property interest unless it lists the specific grounds for discharge or states that an employee can only be dismissed for just cause. Ragucci v. City of Plantation, 407 So.2d 932 (Fla. 4th DCA 1981). A statutory provision that requires minimal procedural steps prior to termination will not in and of itself create a property interest in continued employment. Zeigler v. Jackson, 716 F.2d 847 (11th Cir.1983). Even assuming that section 112.532(4) affords a law enforcement officer procedural rights, these "reasons" do not invoke the requirement of "just cause" or the requirement of specific grounds for termination.
*1165 While it is at least arguable that section 112.532(4) offers at least de minimis procedural rights to a "law enforcement officer," Kelly cannot claim a statutory violation because the benefits of section 112.531, et seq., as they relate to dismissal are not available to him. Section 27.255(3), Florida Statutes (1985) states that an investigator "appointed" pursuant to the provisions of section 27.251 (i.e., sheriff's deputy on fulltime basis as an investigator), has the same rights afforded other law enforcement officers when in the performance of any of the powers, duties, or functions authorized by law. Both parties acknowledge, as does the trial court, that deputy sheriffs are appointees of a constitutional office and as such, are terminable at will and not entitled to the protections of section 112.531, et seq., Florida Statutes. Under the reasoning of the trial court, to allow investigators the benefits of sections 112.532 and 112.534, pursuant to section 27.255(3), would also allow appointed deputy sheriffs, as investigators, those same rights. This would clearly be inconsistent; by becoming an appointee of the state attorney's office, a deputy sheriff would have greater rights than if he had remained solely with his primary employer.[4]Evans v. Hardcastle, 339 So.2d 1150 (Fla.2d DCA 1976). As a result, even though under section 27.255(1), an investigator is called a "law enforcement officer," this does not mean that a state attorney's investigator has the benefits of section 112.531, et seq.
In light of the above discussion, Kelly also has no action based on an alleged constitutional due process violation because no vested property interest arises from either contract or statute.[5]
Accordingly, the final judgment of the trial court granting summary judgment in favor of Gill is affirmed. That portion of the final judgment which grants summary judgment in favor of Kelly regarding injunctive relief is reversed.[6] Upon remand the trial court will file an appropriate order of final summary judgment consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Part VI, section 112.531(1), (3) defines "Law enforcement officer" and "employing agency." Section 112.532(1) deals with rights of officers while under investigation as the result of an outside complainant. Section 112.532(2) establishes a review board to consider these outside complaints. Section 112.532(3) gives an officer the right to bring a civil suit against another. Section 112.532(4), (5) requires notice of disciplinary action as well as a prohibition against disciplinary action as a result of an officer exercising his rights under Part VI.

Section 112.533 establishes a system for the receipt and processing of outside complaints made against an officer. Section 112.534 specifies that if an agency fails to comply with Part VI, an injured officer may apply to the circuit court for an injunction to compel performance.
[2] Section 27.255(1) states in part:

Each investigator employed on a full-time basis by a state attorney and each special investigator appointed by the state attorney pursuant to the provisions of section 27.251 is hereby declared to be a law enforcement officer of the state... .
Section 27.255(3) states:
In the performance of any of the powers, duties, and functions authorized by law or this section, investigators employed by a state attorney or appointed pursuant to the provisions of section 27.251 shall have the same rights, protections, and immunities afforded other peace or law enforcement officers.
Section 27.251 merely authorizes the state attorney of each judicial circuit to employ any municipal or county police officer or sheriffs deputy on a full-time basis as an investigator for the state attorney's office.
[3] See Smith at 184; Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327, 1330 (Fla.2d DCA 1985) (the legislature has not created a statutory action for wrongful discharge in general and no common law cause of action for retaliatory or wrongful discharge exists in Florida).
[4] Also note that under section 111.065, Florida Statutes (1985), a deputy sheriff is defined as a "law enforcement officer" even though section 112.531, et seq. is not available to the deputy sheriff. Compare the definitions of "law enforcement officer" in sections 112.19 and 112.1904.
[5] In Migliore v. City of Lauderhill, 431 So.2d 986 (Fla. 1983), the Florida Supreme Court held that complaint review boards, as authorized by section 112.532(2), were not created to review disciplinary actions against police officers which arose from an internal source. While not necessary to decide this appeal, it would appear that all of part VI, section 112.531, et seq., deals specifically with investigations, complaints, and disciplinary action as a result of claims made against an officer by persons outside the agency which employs him.
[6] In addition to the reasons given herein, see Migliore v. City of Lauderhill, 415 So.2d 62, 64 (Fla. 4th DCA 1982) (neither mandamus nor injunctive relief is available to require the performance of a futile act).