584 So.2d 214 (1991)
Robert SYLVESTER, Appellant,
v.
CITY OF DELRAY BEACH and Charles Kilgore, Appellees.
No. 89-3159.
District Court of Appeal of Florida, Fourth District.
August 21, 1991.
Jack Scarola, Searcy, Denney, Scarola, Barnhart & Shipley, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Jeffrey S. Kurtz, Delray Beach, for appellee City of Delray Beach.
Monroe A. Coogler, Adams, Coogler, Watson & Merkle, P.A., West Palm Beach, for appellee Charles Kilgore.
STONE, Judge.
Appellant, a policeman for Delray Beach, was suspended in 1980. He originally sued the city for unlawful suspension and "retaliation." Following an initial trial, a new trial was ordered on the retaliation issue.
In the previous appeal affirming the new trial order, this court recognized that both liability and damage claims remained unresolved on the retaliation issues. This court *215 therefore granted the plaintiff leave to amend and stated that the plaintiffs were not precluded from making further attacks on the pleadings.
Appellant then initiated this action,[1] in which the trial court entered a judgment for the city on the appellant's money damages claim. The trial court held that if the plaintiff prevails on the issue of statutory liability for retaliation, he is only entitled to injunctive relief and not damages. The trial court reasoned that "there exists no cause of action for damages for any alleged retaliation in violation of Section 112.532, Florida Statutes (1987). City of Miami v. Cosgrove, 516 So.2d 1125 (Fla. 3d DCA 1987); Kelly v. Gill, 544 So.2d 1162 (Fla. 5th DCA 1989)." We affirm.
Appellant claims damages pursuant to section 112.532, Florida Statutes, known as the "Policeman's Bill of Rights." That statute, and the part of the chapter in which it is located, delineates specific rights of police and corrections officers facing charges. Subsections (3) and (5) provide:
112.532 Law enforcement officers' and correctional officers' rights. 
(3) CIVIL SUITS BROUGHT BY LAW ENFORCEMENT OFFICERS OR CORRECTIONAL OFFICERS.  Every law enforcement officer or correctional officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, or the head of such organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights arising out of the officer's performance of official duties.
(5) RETALIATION FOR EXERCISING RIGHTS.  No law enforcement officer or correctional officer shall be discharged; disciplined; demoted; denied promotion, transfer, or reassignment; or otherwise discriminated against in regard to his employment, or be threatened with any such treatment, by reason of his exercise of the rights granted by this part.
Appellant's claim is founded solely on subsection (3). Additionally, section 112.534 provides injunctive relief to officers in cases where the employing agency fails to comply with the requirements of the statute.
Appellant relies upon the court's opinion in City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977). In that case, two police officers sued the employer-city seeking reinstatement and back pay for the city's violation of chapter 112. Our opinion, reversing a temporary injunction entered against the city, recites that the officers sought relief pursuant to subsection (3) of the statute, charging that the city failed to notify them of the pending disciplinary action. However, we note that the issues in that appeal were totally unrelated to any damage question. To the contrary, this court specifically noted that we were not addressing certain constitutional issues raised, but were addressing only the temporary injunction issue.
We recognize that, in Inglima, we remanded for the trial court to proceed to determine "whether appellees are entitled to (a) reinstatement, (b) back pay and (c) other damages." However, absent any issue other than injunctive relief, such language cannot be construed as a holding by this court on the substantive question of whether general damages is a statutory remedy against an employing city for violating rights recognized by that statute.
Conversely, we find nothing in the wording of the statute to suggest a legislative intent to create a new statutory right for damages against the employer agency. Rather, we agree with the Third District's conclusion that the exclusive remedy provided for a violation of the statute is injunctive relief. Cosgrove, 516 So.2d at 1125. In Cosgrove, the court recognized that the sole remedy against an employer agency for violation of section 112.532 is the injunction provision of section 112.534, stating

*216 Cosgrove suggests that his suit for damages is authorized by Section 112.532(3), which, as we read it, has nothing whatsoever to do with the employee's rights vis-a-vis his employer but simply memorializes that a policeman shall have the right to sue other persons for damages suffered by the officer in the performance of his official duties.

Id. at 1129. We also note that, in Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982), decision approved, 431 So.2d 986 (Fla. 1983), this court recognized that section 112.534 does not create a new substantive right to injunctive relief, but was enacted solely for the purpose of enforcing section 112.532.
Whatever common law causes of action appellant may have, if any, for the city's alleged acts of retaliation, arise independently of the statute. Subsection (3) of 112.532 does not create a new civil action. Rather, it recognizes that officers have independent claims which are not impeded by this statute.
Therefore, the judgment is affirmed and the cause remanded for further proceedings on the statutory claim of improper retaliation, in accordance with the trial court judgment.
GLICKSTEIN, C.J. and HERSEY, J., concur.
NOTES
[1] This action is for declaratory relief. Any issues concerning whether that is the appropriate avenue for relief is not before us.