Mary ZOMBORI, Plaintiff,

v.

DIGITAL EQUIPMENT CORP., Defendant.

Civ. No. 94–30377/LAC.

United States District Court,
N.D. Florida,
Pensacola Division.

Jan. 6, 1995.

---

Ross M. Goodman, Pensacola, FL, for plaintiff.

John Richard Carrigan, Birmingham, AL, Ralph Peterson, Pensacola, FL, for defendant.

## ORDER OF DISMISSAL

COLLIER, District Judge.

Defendant Digital Equipment Corporation (Digital) moves (doc. 6) to dismiss Plaintiff Mary Zombori's "prima facie tort" claim in Count II of her complaint. Citing Rule 12(b)(6), Digital claims this count must be dismissed because Florida does not recognize a "prima facie tort" cause of action. In opposing Digital's motion, Zombori claims Florida courts would recognize such a claim. For reasons set forth below, Digital's motion is GRANTED.

A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty "that the plaintiff can prove no set of facts that would entitle him to relief." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). This requires the Court to accept the allegations in Zombori's complaint as true and draw any necessary inferences in a light most favorable to Zombori. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 702 (11th Cir.1985). Consequently, the following facts are assumed to be true.

Zombori was employed at Digital's Pensacola, Florida office from January 1982 until the company fired her in March 1994. Initially hired as an administrative coordinator, Zombori received several promotions and served as a "customer support consultant" when she was terminated. Zombori asserts that prior to her firing, she had not violated company policy, and she had never received an unsatisfactory mark on her annual evaluations.

In December 1993, however, Zombori testified in an employment discrimination suit her husband brought against Digital. Prior to the trial in that case, Zombori had also supplied her husband's counsel with a report compiled from one of Digital's databases. While this report apparently supported her husband's discrimination claims, Zombori states its disclosure did not harm Digital economically or otherwise. Zombori concludes Digital wrongfully terminated her for participating in her husband's suit.

In Count I of her complaint, Zombori states a claim under Fla.Stat. ch. 448.101–.105, Florida's "Whistle-blower" statute. Digital does not attack this claim in its motion. Instead, Digital seeks dismissal of Count II where Zombori brings a "prima facie tort" claim. According to a Missouri appellate court, the basic elements of this tort are:

(1) an intentional lawful act by the defendant;

(2) an intent to cause injury to the plaintiff;

(3) injury to the plaintiff; and

(4) an absence of any justification or an insufficient justification for the defendant's act.

*Porter v. Crawford & Co.*, 611 S.W.2d 265, 268 (Mo.Ct.App.1980). Zombori argues Digital's firing her because she participated in her husband's suit supports a claim under this theory.

As Zombori candidly admits, however, Florida has never adopted the prima facie tort theory into its common law. Indeed, Florida law stands squarely against recognizing a common law prima facie tort claim based on retaliatory discharge. In *Kelly v. Gill*, 544 So.2d 1162 (Fla. 5th DCA), *rev. denied*, 553 So.2d 1165 (Fla.1989), the Fifth District Court of Appeal succinctly stated Florida's position on this issue:

In the absence of a specific statute granting a property interest, a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party with-

out cause and an action for wrongful discharge will not lie. . . . There is also no cause of action based in common law tort for wrongful dismissal such as negligence, malice, or retaliation. It is also clear that breach of an obligation of good faith and fair dealing has not been recognized in Florida as a viable cause of action, at least where a wrongful dismissal is claimed.

*Kelly*, 544 So.2d at 1164 (citations and footnotes omitted). Regardless of what title Zombori appends to her claim, she argues Digital is liable because it terminated her in retaliation for testifying in her husband's case and providing a report culled from Digital's database. Though Florida courts may not have addressed this claim under the guise of the "prima facie tort" theory, *Gill* and the authorities cited therein indicate this claim is not cognizable under Florida common law.

Despite *Gill*'s unequivocal statement, Zombori urges the Court to recognize such a cause action as part "developing" Florida's common law. In support, she cites cases from Missouri and New York—jurisdictions recognizing the prima facie tort. Zombori also notes section 870 of the Restatement (Second) of Torts recognizes and "restates" this cause of action. Finally, Zombori argues the Florida Supreme Court would likely adopt such a theory under the circumstances of this case.

■ The Court, however, cannot ignore the reasoning of *Gill* and other Florida appeals courts. Moreover, the lack of any pronouncement from the Florida Supreme Court does not mean Florida law is open on this question. Where the supreme court has not spoken, decisions of Florida's district courts of appeals control absent persuasive indication that the supreme court would rule otherwise on the issue. *Liberty Mutual Ins. Co. v. Electronic Systems, Inc.*, 813 F.Supp. 802, 805 (S.D.Fla.1993). Here, Florida's lower appellate courts have decided the issue; and as a federal court sitting in diversity, this Court is bound to adhere to the law of Florida as stated in *Gill*. *Blanchard v. State Farm Mutual Automobile Ins. Co.*, 903 F.2d 1398, 1399 (11th Cir.1990).

Even if the Court found Florida courts had not foreclosed a common law prima facie tort claim in this case, the Court is not prepared to conclude the Florida Supreme Court would approve such a cause of action. Citing Justice Overton's concurrence in *Smith v. Piezo Technology and Professional Administrators*, 427 So.2d 182 (Fla.1983), Zombori argues the supreme court would endorse her claim under the facts of this case. In his concurrence, Justice Overton stated he would "proceed a step further" than the majority and recognize a "common law tort for retaliatory discharge." *Id.* at 185. Though the factual circumstances and legal issues in *Smith* differ from those in the instant case, Justice Overton's position supports recognizing Zombori's prima facie tort claim.

Yet, only one other justice joined Overton's concurrence in *Smith*. *See id.* The five justices making up the *Smith* majority declined Overton's invitation to create a common law cause of action for retaliatory discharge. *See id.* Thus, back in 1983, only a two-member minority of the supreme court was prepared to relax Florida's "at-will" employment doctrine to create such a cause of action. Zombori has not cited the Court to any subsequent authority indicating the Florida Supreme Court would rule differently if *Smith* were decided today. When viewed in this light, *Smith* does not support Zombori's argument the supreme court would adopt the prima facie tort theory into Florida's common law.

Florida's at-will employment doctrine may be "cold-hearted, draconian and out-dated," but it is the law of Florida. Notably, Florida's legislature and courts have created exceptions to the at-will doctrine allowing employees to assert wrongful discharge claims in defined circumstances. By doing so, Florida's legislators and judges have attempted to conform the doctrine to current public policy. Given these officials are elected and appointed by the people of Florida, it is their duty to define Florida law on this and other subjects.

While the Court regularly interprets Florida law to resolve claims in diversity cases, it is not the Court's place to expand Florida's common law by creating new causes of ac-

tion. Federal courts are entrusted to apply state law, not make it. As of today, Florida does not permit employees to sue employers for retaliatory discharge based on a common law prima facie tort theory. While Zombori disagrees with the wisdom of this position, her arguments are best addressed to the courts and legislature of Florida.

Digital's motion to dismiss Count II is GRANTED.

DONE and ORDERED.