51 So.3d 489 (2010)
Robert McQUADE, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D10-507.
District Court of Appeal of Florida, First District.
November 30, 2010.
Rehearing Denied January 25, 2011.
*490 William E. Strickland, Tallahassee, for Appellant.
Sharon E. Cromar, Tallahassee, for Public Employees Relations Commission; Scott Shevenell, Tallahassee, for Department of Corrections.
LEWIS, J.
Robert McQuade, Appellant, appeals the Public Employees Relations Commission's ("the Commission") final order dismissing his career service appeal from the termination of his employment as a correctional officer with the Department of Corrections ("the Department"), Appellee. Appellant argues that the Commission erred in not ordering the Department to reinstate him for failing to complete its investigation of his violation of the Department's rules within 180 days of the date another correctional officer reported Appellant's infraction to the warden. Appellant claims that reinstatement was required under section 112.532(6)(a), Florida Statutes (2008), a provision of the Law Enforcement Officers' ("LEO") Bill of Rights.[1] For the reasons explained below, we affirm.
*491 On December 18, 2008, the warden signed an incident report that had been prepared by another correctional officer. The report alleged that Appellant was in violation of the Department's rules because he allowed a convicted felon to live in staff housing without permission, an infraction that had been discovered by the probation officer of the person who was living in staff housing without permission. Appellant was interviewed about the infraction on June 11, 2009, by the Inspector General's Office, and on August 19, 2009, he received a predetermination letter informing him that disciplinary charges were being pursued. The letter advised that Appellant's infraction could result in suspension or dismissal and that he would be permitted to respond on August 28, 2009, at a predetermination conference. Appellant participated in the conference on August 28, 2009, and on September 18, 2009, he was dismissed from his position as a correctional officer.
Appellant appealed his dismissal to the Commission, arguing that his dismissal was without just cause and was too severe a sanction. He did not mention any procedural concerns in his notice of appeal. However, at the formal hearing on November 13, 2009, Appellant argued that the Department should not have been permitted to "move forward" because "it violate[d] the Florida Statutes Correctional Officer's [sic] Bill of Rights" and indicated that he would present additional arguments on this point at a later time. Appellant expounded on this point in his proposed recommended order in which he proposed, among other things, a conclusion that section 112.532(6)(a), Florida Statutes (2008), barred the Department from proceeding with discipline for the charge because more than 180 days had passed between the day the warden signed the incident report and the time the Department took disciplinary action.
The hearing officer issued a recommended order concluding that the Department had proven by a preponderance of the evidence that it had cause to discipline Appellant and that Appellant had failed to prove that mitigation of the Department's discipline decision was justified. In response to Appellant's concern about section 112.532(6)(a), the hearing officer noted that Appellant was correct that more than 180 days elapsed between the time the warden learned of Appellant's alleged infraction and the time the Department gave Appellant a predetermination notice of disciplinary action. The hearing officer concluded, however, that the 180-day deadline did not apply because this case involved "an internal disciplinary matter arising from information provided by an Agency officer," as opposed to a complaint made by a private citizen. Appellant's exception to this conclusion was denied, and his appeal was dismissed.
In his appeal from the order of dismissal, Appellant argues that we should reverse because the Commission failed to apply the plain language of section 112.532(6)(a), which provides as follows:
Except as provided in this subsection, no disciplinary action, demotion, or dismissal shall be undertaken by an agency against a law enforcement officer or correctional officer for any act, omission, or other allegation of misconduct if the investigation of such allegation is not completed *492 within 180 days after the date the agency receives notice of the allegation by a person authorized by the agency to initiate an investigation of the misconduct. In the event that the agency determines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action, along with a proposal of the action sought. Such notice to the officer shall be provided within 180 days after the date the agency received notice of the alleged misconduct....[2]
(emphasis added). As a general rule, interpretation of a statute is an issue of law subject to de novo review. Brown v. State, Comm'n on Ethics, 969 So.2d 553, 556 (Fla. 1st DCA 2007). This standard of review is incorporated in the Florida Administrative Procedure Act, which states that an appellate court may set aside a final administrative order if the agency "has erroneously interpreted a provision of law and a correct interpretation compels a particular action." § 120.68(7)(d), Fla. Stat. (2009); Brown, 969 So.2d at 556. However, this Court is required to give deference to an agency's interpretation of a statute within its substantive jurisdiction. Brown, 969 So.2d at 557. When an agency interprets such a statute, this Court will not reverse based on that interpretation unless it is clearly erroneous. Id. In contrast, if the statute is outside the agency's area of expertise, the standard of review is simply de novo. Id. In this case, under either standard of review, the Commission reached the result that was required by controlling precedent.
The Commission concluded that section 112.532(6)(a) did not apply to Appellant's case because the complaint leading to his discipline was generated internally, rather than received from a person outside the Department. The Commission has espoused this interpretation in numerous other cases, including Henderson v. Department of Corrections, 24 F.C.S.R. 200 (2009), James v. Department of Corrections, 23 F.C.S.R. 41, 42 (2008), and Abbott v. Department of Corrections, 6 F.C.S.R. 190, 190 (1991). Those cases reveal that the basis for the Commission's decision to interpret section 112.532(6)(a) results from its application of Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982), which was adopted as the Florida Supreme Court's opinion in Migliore v. City of Lauderhill, 431 So.2d 986, 987 (Fla.1983). See, e.g., James v. Dep't of Corr., 23 F.C.S.R. 41, 42 (2008) (citing Migliore to support the holding that section 112.532(6)(a), Fla. Stat. (2007), did not apply to discipline "stem[ming] from allegations of wrongdoing from within the [a]gency").
In Migliore, four police officers filed petitions for writs of mandamus and, in the alternative, for injunctive relief after they were dismissed from a police department. 415 So.2d at 63. The events leading to their dismissal began when a convenience store clerk filed written complaints against them. Id. During the internal investigation of the complaints, the officers were ordered to submit to a polygraph test, and they refused. Id. As a result of this refusal, they were dismissed from employment. Id. After their dismissal, the officers sought to have a "complaint review board" empaneled pursuant to section 112.532(2), Florida Statutes (1981). Id. In 1981, section 112.532(2) read as follows:
COMPLAINT REVIEW BOARDS.A complaint review board shall be composed of three members: One member *493 selected by the chief administrator of the agency; one member selected by the aggrieved officer; and a third member to be selected by the other two members. Agencies having more than 100 law enforcement officers shall utilize a five-member board with two members being selected by the administrator, two members being selected by the aggrieved officer, and a fifth member being selected by the other four members. The board members shall be law enforcement officers selected from any state, county, or municipal agency within the county.
415 So.2d at 63-64. The Migliore court observed that "neither the statute nor any other applicable law explicate[d] the function of the board" and that there was "nothing to indicate that a policeman ha[d] a right to have his dismissal reviewed by the board." Id. at 64.
The Migliore court then concluded that "the only statutory provision containing a possible explanation of the duties of the complaint review board" was section 112.533, Florida Statutes (1981), which provided, "Receipt and processing of complaints.Every agency employing law enforcement officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person." 415 So.2d at 64 (quoting § 112.533, Fla. Stat. (1981)). The court further concluded that the significant language of this provision was "complaints received by such employing agency from any person," and determined that this language indicated that the statute "provid[ed] a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employ[ed] him." Id. The court explained that sections 112.532(2) and 112.533, Florida Statutes (1981), were "to be utilized for disposition of complaints made by outside persons and [were] not intended to provide a forum for any issue other than whether a complaint has a basis in fact." Id. Based on this interpretation of the pertinent provisions of chapter 112, the Migliore court held that the officers "would have been entitled to a hearing on the basis of the original complaint against them" but that they were not entitled to "test the validity of their discharge" by the use of a complaint review board, particularly because they were not discharged on the basis of the complaint, but on the basis of "their refusal to obey the order of a superior officer." Id. at 65-66. Migliore has been cited broadly for the proposition that the LEO Bill of Rights does not apply to investigations initiated by a complaint that originates from within the agency that employs the officer under investigation. See, e.g., Kelly v. Gill, 544 So.2d 1162, 1165 n. 5 (Fla. 5th DCA 1989) (citing Migliore, in dicta, for the proposition that "all of part VI, section 112.531, et seq., deals specifically with investigations, complaints, and disciplinary action as a result of claims made against an officer by persons outside the agency [that] employs him").
In the absence of Migliore, we would be inclined to agree with Appellant that the plain language of section 112.532(6)(a) indicates that the 180-day rule for completing an investigation applies to the investigation of any allegation regardless of where it originates. We conclude, however, that the interpretation the Commission reached is compelled by Migliore. While Migliore did not address this specific provision, its holding was based on the interpretation of the term "receipt." See 415 So.2d at 63-64. The Migliore court concluded that a law enforcement agency's "receipt" of a complaint, as that language was used in section 112.534, Florida Statutes (1981), *494 meant its receipt of a complaint from a person outside the agency. Under section 112.532(6)(a), the 180-day period for completing an investigation begins when the agency "receives notice of the allegation." Thus, the concept of the agency's receipt of an allegation or complaint is as vital to an interpretation of section 112.532(6)(a), Florida Statutes (2008), as it was to the Fourth District's interpretation of section 112.534, Florida Statutes (1981). Because the Florida Supreme Court approved the Fourth District's interpretation of the term "receipt" as used in the LEO Bill of Rights as indicating that a complaint comes from a source outside the agency, both we and the Commission are bound by that interpretation. Regarding the pertinent statutory language, Migliore is not materially distinguishable. Accordingly, based on the Migliore court's interpretation of the term "receipt," we are constrained to hold that section 112.532(6)(a)'s 180-day rule did not apply to the instant case, where Appellant's violation of Department rules was discovered internally.
Moreover, even if we were to conclude that Migliore left room for an different interpretation of the term "receives" as used in section 112.532(6)(a), we would affirm because the Commission lacked authority to provide Appellant relief for a violation of the LEO Bill of Rights. Section 447.207, Florida Statutes (2009), establishes the Commission's powers and duties. In pertinent part, it provides that "[t]he [C]ommission or its designated agent shall hear appeals arising out of any suspension, reduction in pay, demotion, or dismissal of any permanent employee in the State Career Service System in the manner provided in s. 110-227." § 447.207(8), Fla. Stat. (2009). Section 110.227(6)(c) defines the scope of the Commission's review in a career service appeal. Based on this provision, the Commission is to determine whether cause existed for the employee's discipline or dismissal. See § 110.227(6)(c), Fla. Stat. (2009). As the Commission itself has recognized, the career service appeal process "is not a review of agency action toward its employees, but is a de novo proceeding in which the agency has the burden to establish facts which demonstrate cause for disciplining employees." Gilbert v. Dep't of Envtl. Prot., 17 F.C.S.R. 396, 398 (2002). For this reason, the Commission "has held that an alleged improper investigation prior to disciplinary action will not constitute the basis for reversing an agency's discipline absent a showing that the employee was prejudiced in defending himself in a subsequent de novo career service appeal before the Commission." Id.
The Commission's interpretation of its role is consistent with the statutory mandates of sections 447.207 and 110.227. Section 447.207 gives the Commission the authority to hear career service appeals "in the manner provided in s. 110.227." Section 110.227(6)(c) indicates that the Commission is to reverse it if finds a lack of cause for the agency's action and that it may, in some circumstances, reduce the penalty imposed by the agency head. Section 110.227 does not indicate that a career service appeal is a plenary review of agency action. Therefore, the agency's interpretation of its role, which is purely statutory, is correct.
The LEO Bill of Rights itself indicates that enforcement of its provisions is to be accomplished through the circuit court, rather than the Commission. Specifically, section 112.534(1), Florida Statutes (2008), provides the following remedy for all violations of the LEO Bill of Rights:
If any law enforcement agency or correctional agency fails to comply with the requirements of this part, a law enforcement officer or correctional officer employed *495 by or appointed to such agency who is personally injured by such failure to comply may apply directly to the circuit court of the county wherein such agency is headquartered and permanently resides for an injunction to restrain and enjoin such violation of the provisions of this part and to compel the performance of the duties imposed by this part.
This provision was applied in City of Miami v. Cosgrove, 516 So.2d 1125, 1126 (Fla. 3d DCA 1987), where a dismissed police officer sued for damages based on an alleged violation of the LEO Bill of Rights. The Third District held that the officer was not entitled to damages because section 112.534, which was "the only remedy provision of Part VI of Chapter 112, ... provide[d] only for a suit for an injunction, not for an action for damages." 516 So.2d at 1127. For this reason, the Cosgrove court held that section 112.534 was "no more than a vehicle for enforcing the procedures established in the preceding sections of this part of the statute" and "not a vehicle for the restoration of substantive rights, whether the restoration is sought by mandamus, injunction, or ... an action for damages." Id. at 1128. The Migliore court also addressed this provision, observing that it "operate[d] only to immediately restrain violation of the rights of police officers by compelling the performance of the duties imposed by [s]ections 112.531 to 112.533." 415 So.2d at 65. Because the version of section 112.534 in effect in 2008 still provided only for injunctive relief through the circuit court, this remedy was the only one available to Appellant, per the decisions in Cosgrove and Migliore.
We recognize that the statutory remedy provided for violation of the LEO Bill of Rights gave Appellant a short window of opportunity for an officer to assert rights under section 112.532(6)(a). Nevertheless, based on the plain language of section 112.534 and the limitations on the Commission's authority, it was the only remedy available to him. Because he did not seek an injunction from the circuit court before he was dismissed or show prejudice in the proceedings before the Commission resulting from the violation of the 180-day rule, he is not entitled to reinstatement on the basis of that violation.
For these reasons, the Commission's final order dismissing Appellant's career service appeal is AFFIRMED.
KAHN, J., CONCURS, and CLARK, J., DISSENTS WITH OPINION.
CLARK, J., dissenting.
I would reverse the PERC's affirmance of the disciplinary action because section 112.532(6)(a), Florida Statutes is not limited to actions stemming from complaints from persons outside the agency. The Department of Corrections has erroneously interpreted a provision of law, and the PERC's affirmance of this decision was likewise erroneous.
There was no dispute of fact and all parties agreed that more than 180 days elapsed between the filing of the "incident report" and the date of the notice to the employee of disciplinary action. Section 112.532(6), Florida Statutes clearly states:
(6) LIMITATIONS PERIOD FOR DISCIPLINARY ACTIONS.
(a) Except as provided in this subsection, disciplinary action, suspension, demotion, or dismissal may not be undertaken by an agency against a law enforcement officer or correctional officer for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within 180 days after the date the agency receives notice of the allegation by a person *496 authorized by the agency to initiate an investigation of the misconduct. If the agency determines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action, along with a proposal of the specific action sought, including length of suspension, if applicable. Notice to the officer must be provided within 180 days after the date the agency received notice of the alleged misconduct ... [with exceptions not applicable here].
The statute does not require a correctional officer to defend against untimely disciplinary action by filing an action for injunctive relief in the circuit court. The provision in section 112.532(3) recognizing that correctional officers may bring suit for damages for violation of the officer's civil rights has no effect on the limitations period for agency disciplinary action in section 112.532(6). The absence of a pending civil lawsuit for damages by the correctional officer to vindicate his or her civil rights does not extend the limitations period or otherwise make untimely agency disciplinary action timely.
There is no uncertainty in the language of section 112.532(6) which needs interpretation, and no language which restricts the application of the limitations period to those disciplinary actions resulting from complaints from outside the agency. The case of Migliore v. City of Lauderhill, 431 So.2d 986 (Fla.1983), upon which the PERC relied in this case, did not pertain to the limitations period for state agency disciplinary actions set out in section 112.532(6), Florida Statutes. In Migliore, city police officers who had been discharged sought the extraordinary writ of mandamus to compel the City of Lauderhill to reinstate them, award them back pay, and to empanel a complaint review board as provided for in section 112.532(2), Florida Statutes (1981). The Florida Supreme Court held that complaint review boards under section 112.532(2) were not created to review agency disciplinary action taken against city police officers. The Court also ruled that the city police officers suing for reinstatement were required to exhaust their City of Lauderhill administrative remedies available from the city's civil service board prior to seeking the extraordinary writ of mandamus or injunctive relief to compel official action. Nothing in the Migliore opinion indicates that section 112.532, Florida Statutes applies only in situations where members of the public file complaints against employed law enforcement or correctional officers, and not to investigations initiated by an incident report from within the agency.
The "outside complaint" limitation for complaint review board proceedings was suggested in the opinion of the Fourth District Court of Appeal, Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982). There, when speculating as to the function of a complaint review board as described in section 112.532(2), the District Court of Appeal looked to the phrase "receipt, investigation, and determination of complaints received by such employing agency from any person." § 112.533(1)(a), Fla. Stat. Seeking an explanation of complaint review board duties, the court stated: "We interpret the statute as providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him." Migliore v. City of Lauderhill, 415 So.2d 62, 64. This conjecture about the proper use of the statutory complaint review board by an officer seeking reinstatement after discharge has no application to the limitations period restricting the time for agency disciplinary *497 action against a correctional officer.
Had the legislature intended to place a time limit only upon disciplinary actions resulting from external complaints and not upon disciplinary actions originating within the employing agency, it would have specified such differentiation in section 112.532. Because there is no language in the statute indicating any such division based upon the source of the allegation of wrongdoing by the correctional officer, the Department of Corrections' refusal to apply section 112.532(6) in this case was an erroneous interpretation of the law and should have been reversed by the PERC. Accordingly, I dissent.
NOTES
[1] The parties have shown some confusion as to which version of the Florida Statutes applies to this case. The key dates in this appeal are December 18, 2008, which was the date the warden signed the incident report, and June 16, 2009, which was 180 days from that date. The 2009 amendments to chapter 112, Florida Statutes, were not effective until July 1, 2009, which was after the date Appellant claims his right to reinstatement was perfected under chapter 112. Therefore, the 2008 version of chapter 112 applies to the issue raised in this appeal.
[2] Section 112.532(6)(a) then sets forth exceptions not applicable to this case.