415 So.2d 62 (1982)
Frank MIGLIORE and Anthony Picarelli, Appellants,
v.
The CITY OF LAUDERHILL, Etc., Appellees.
No. 81-1491.
District Court of Appeal of Florida, Fourth District.
June 2, 1982.
Rehearing Denied July 1, 1982.
*63 Charles T. Whitelock of Feinstein & Whitelock, Fort Lauderdale, for appellants.
Anthony J. Titone of Titone & Roarke, P.A., Lauderhill, for appellees.
HERSEY, Judge.
Appellants, upon being dismissed from the police department of the City of Lauderhill, filed petitions for writs of mandamus and in the alternative for injunctive relief.
Some familiarity with the facts which occasioned appellants' dismissals is necessary to a resolution of the issues which are presented for our consideration by this appeal.
A convenience store clerk filed written complaints against each of the police officers. After appropriate written notice that an internal investigation had been instituted, appellants, with their attorneys, attended an interview at which they were offered immunity from criminal prosecution in exchange for their testimony concerning the complaints. Each invoked the Fifth Amendment and remained silent.
Subsequently, appellants received written notice to appear at separate times at the office of Internal Affairs. Each attended such a meeting and each was directed by the Chief of Police to submit to a polygraph examination. Each appellant initially indicated a willingness to cooperate but upon being denied the opportunity to confer with an attorney, refused to submit to a polygraph test.
Appellants were then dismissed from the police department and advised of their rights to apply for a hearing before the City's Civil Service Board. Neither appellant applied for a hearing. Rather, appellants sought to have a complaint review board empaneled pursuant to Section 112.532(2), Florida Statutes (1981). Their requests were denied.
The vehicle chosen by appellants to obtain relief (reinstatement and back pay) from the orders of dismissal and to attempt to compel the empanelling of a complaint review board is mandamus. It has long been established that mandamus lies to compel the performance of a specific imperative ministerial duty. It is not an appropriate vehicle for review of a merely erroneous decision nor is it proper to mandate the doing (or undoing) of a discretionary act. Broward County v. Coral Ridge Properties, Inc., 408 So.2d 625 (Fla. 4th DCA 1981). Therefore, of the relief requested by appellants in the trial court, mandamus could apply, if at all, only to obtaining a hearing before the complaint review board.
Section 112.532(2), Florida Statutes (1981), provides:
(2) COMPLAINT REVIEW BOARDS.
 A complaint review board shall be composed of three members: One member *64 selected by the chief administrator of the agency; one member selected by the aggrieved officer; and a third member to be selected by the other two members. Agencies having more than 100 law enforcement officers shall utilize a five-member board with two members being selected by the administrator, two members being selected by the aggrieved officer, and a fifth member being selected by the other four members. The board members shall be law enforcement officers selected from any state, county, or municipal agency within the county.
However, neither the statute nor any other applicable law explicates the function of the board and there is nothing to indicate that a policeman has a right to have his dismissal reviewed by the board. In fact, the only statutory provision containing a possible explanation of the duties of the complaint review board is Section 112.533, which provides: "Receipt and processing of complaints.  Every agency employing law enforcement officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person."
The significant language of that section for our present purposes is contained in the final phrase "complaints received by such employing agency... ." We interpret the statute as providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him. We differ in that respect with the First District Court of Appeal which has construed the statute as establishing machinery for providing a forum with due process restraints in which a law enforcement officer may test the validity of his termination from service. West v. State, Department of Criminal Law Enforcement, 371 So.2d 107 (Fla. 1st DCA 1978). Our interpretation is strengthened by the fact that the statute does not itself expressly provide even those minimal due process constraints which would be required if continuation of employment, entitlement to back pay and related rights were to be placed at issue, and thus at jeopardy, by such a hearing. The First District engrafted due process prerequisites on the statute; we decline to do so.
Further, the fact that the board is required to be composed of law enforcement personnel belies the kind of impartiality and lack of bias that are ordinarily requisites of a panel established to determine substantive rights between the body politic (standing in the shoes of the taxpayer) and one of its own whose right to continue to represent and therefor to financially benefit from that body politic has been challenged. We do not mean to suggest that a complaint review board so constituted would necessarily act in a biased manner; only that it gives the impression of impropriety, which the legislature would obviously have avoided at all costs.
Finally, Subsection 112.532(4), Florida Statutes, mandates that the law enforcement officer faced with dismissal or certain other personnel actions shall receive notice together with the reasons for action to be taken against him. It would have been a simple matter, had the legislature intended that a complaint review board be available to the officer under such circumstances, to make reference to Subsection 112.532(2), Florida Statutes, in that regard. The lack of such a reference is but one additional factor that inclines us to the view that Sections 112.533 and 112.532(2) are to be utilized for disposition of complaints made by outside persons and are not intended to provide a forum for any issue other than whether a particular complaint has a basis in fact.
Under our interpretation of the purpose of Section 112.532 et seq., appellants would have been entitled to a hearing on the basis of the original written complaint against them. It is important to note, however, that appellants were discharged not on the basis of that complaint but on the basis of their refusal to obey the order of a superior officer. We are of the view that a complaint review board is not a forum *65 available to appellants to test the validity of their discharge under those circumstances.
Even if we accepted the contrary view that a complaint review board is the appropriate forum in which appellants' rights should have been determined here we would be required to affirm the trial court's action for several other reasons.
The City of Lauderhill has disbanded its police department. Police protection is provided through the Sheriff's Department by contract between the city and the county. Reinstatement has therefore been rendered impossible by subsequent events. While a hearing might still be available to vindicate the officers' reputations, under appropriate circumstances, their remedy is damages and back pay but not reinstatement. Neither mandamus nor injunctive relief is available to require the performance of a futile act. State ex rel. Walker v. Best, 121 Fla. 304, 163 So. 696 (1935); Smith v. Davis, 22 Fla. 405 (1806). The proposition that requiring a hearing by a complaint review board at this late date would be a futile act is reinforced by our view, taken in an earlier case, that such a board may only recommend a course of action. Its decision is "not adjudicatory but advisory only." City of Hallandale v. Inglima, 346 So.2d 84, 86 (Fla. 4th DCA 1977).
Appellants sought as an alternative to mandamus, injunctive relief, in reliance on Section 112.534. This section operates only to immediately restrain violation of the rights of police officers by compelling performance of the duties imposed by Sections 112.531 to 112.533. Thus, where an officer under investigation is being interrogated without benefit of counsel, the agency may be restrained from violating his right to counsel; if an officer is dismissed without notice, the agency can be compelled to provide the proper notice; and, if an officer is refused review by the complaint review board, under appropriate circumstances, the agency can be compelled to grant such review. We do not view this section as creating a right to injunctive relief in the form of reinstatement after discharge.
Appellants' claims for reinstatement with back pay should have been brought before the appropriate administrative board. Here, a discharged, suspended or demoted employee of the city may appeal to the Civil Service Board for a hearing within fifteen calendar days from the time he was served with notice of the action to be taken. The Board, after an evidentiary hearing, may order reinstatement and back pay. The decision of the Board may be appealed by filing a petition for writ of certiorari with the circuit court. This is, of course, where the doctrine of exhaustion of administrative remedies comes into play. Appellants, having failed to avail themselves of the appropriate administrative remedy, cannot now obtain reinstatement or recover back pay. See Brooks v. School Board of Brevard County, 382 So.2d 422 (Fla. 5th DCA 1980).
Because our conclusions are dispositive of this appeal, we do not address appellants' additional points. We affirm the final judgment denying appellants' alternative petitions for mandamus or injunctive relief.
WALDEN, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.