# STATE OF FLORIDA v. PETERSON and GORE

Case Nos. 84-906-MM and 84-933-MO

County Court, Bay County

June 22, 1984

### APPEARANCES OF COUNSEL

**Bill Warner,** Assistant State Attorney, for plaintiff.

**Rhonda Martinec** for defendants.

### OPINION OF THE COURT

DON T. SIRMONS, County Judge.

This cause having come before the Court upon the Defendants' Motions to Dismiss and the Court, having heard argument of counsel and reviewing memorandum of law submitted by both parties, finding that:

1. The Defendants' Motions to Dismiss are based on the question of whether Section 112.533(3) is unconstitutional on its face or as applied

to the Defendants in this case in light of the First Amendment to the United States Constitution.

2. Section 112.533(3), Florida Statutes, provides for criminal sanctions against any person who willfully° discloses, or permits to be disclosed, the following:

a. His intention to file a complaint.

b. The existence or contents of a complaint which has been filed with an agency.

c. Any document, action or proceeding in connection with a confidential internal investigation of an agency.

The statute further provides that in order for these actions to be criminal, they must take place before the complaint, document, action or proceeding becomes a public record.

3. Section 112.533(2)(a), Florida Statutes, provides that a complaint and all information is confidential until the conclusion of the agency's internal investigation or at such time as the investigation ceases to be active without a finding of probable cause. Section 112.533(2)(b) further provides that a finding shall be made within 60 days from the filing of the complaint or the investigation shall be considered inactive. Reading these sections together, the Court notes that irregardless of what happens, the complaint and all information gathered by the agency ultimately becomes a public record under Chapter 119 within 60 days of the filing of the complaint.

4. The complaint against the defendant, Terry Leroy Gore, was made by Officer Townsend who stated that on March 30, 1984, defendant Gore did disclose the existence and contents of a complaint to Joe Bradshaw and to Sue Ladika, a News Herald staff writer. The complaint alleges that this was done after the complaint was filed with a law enforcement agency and before the complaint became a public record. The complaint against David Allen Peterson was also made by Officer Townsend who states that on March 27, 1984, the defendant Peterson disclosed his intention to file a complaint against Officer Townsend at the Callaway City Commission meeting. On March 29, 1984, defendant Peterson gave a copy of the complaint to Sue Ladika, a writer for the Panama City News Herald.

5. Both the state and defense counsel agree that Section 112.533(3), Florida Statutes, was in fact "borrowed" from Section 112.317(6), Florida Statutes, dealing with disclosure of investigations by the Commission on Ethics. Both parties cited to the Attorney General's Opinion 078-16, January 31, 1978, in reference to the constitutional

**141**

issues raised by the statutory language of Section 112.533(3), Florida Statutes.

This Court agrees with the Attorney General's Opinion statement as it applies to Section 112.533(6), Florida Statutes.

> Section 112.317(6) does not purport to regulate time, place or manner of expression; nor does it proscribe conduct. What it does attempt to prohibit is expression itself, when the expression deals with a particular subject, i.e. allegations of official misconduct.

The main thrust of the statute, i.e. Section 112.531, Florida Statutes, is to provide a means to determine solely whether a particular complaint against a law enforcement officer has a basis in fact before any action can be taken against the officer by his employing agency. See *West v. State, Dept. of Crim. Law Enforcement*, 372 So.2d 107 (1st DCA 1978); *Migilore v. City of Lauderhill*, 415 So.2d 62 (4th DCA 1982). The State argues that the statutory criminal penalties regarding confidentiality are necessary in order to protect the reputation of the law enforcement officer from frivolous complaints and to protect public confidence in the law enforcement officer by preventing exposure of a complaint until a determination is made that the charge is well founded. However, the Court notes that if the complaint is found to be either frivolous or valid, both the complaint and all information gathered by the review board is open to the public after the review board finishes its investigation. At best, publicity involving a frivolous complaint or a valid complaint is delayed for 60 days after the complaint is filed. The statute certainly creates a "chilling effect" on someone who feels they may have a valid complaint against a law enforcement officer in seeking a redress of his grievances. As noted in *Garrison v. Louisiana*, 379 U.S. 64, 85 S.Ct. 209 (1964):

> In any event, where the criticism is of public officials and their conduct of public business, the interest in private reputation is overborne by the larger public interest, secured by the Constitution, in the dissemination of truth. (page 215)

> Truth may not be the subject of either civil or criminal sanctions where the discussion of public affairs is concerned. (page 216)

Further, as to the issue of public confidence, the Court notes that the complaint review board before which the complaint is filed and investigated is made up entirely of law enforcement officers, one of which is selected by the aggrieved officer. In *Migilore v. City of Lauderhill*, 415 So.2d 62 (4th DCA 1982), the Court stated:

142

Further, the fact that the board is required to be composed of law enforcement personnel belies the kind of impartiality and lack of bias that are ordinarily requisites of a panel established to determine substantive rights between the body politic (standing in the shoes of the taxpayer) and one of its own whose right to continue to represent and therefor to financially benefit from that body politic has been challenged. We do not mean to suggest that a complaint review board so constituted would necessarily act in a biased manner; only that it gives the impression of impropriety, which the legislature would obviously have avoided at all costs. (page 64)

This statute has therefore made it a crime to voice one's concern concerning the conduct of a law enforcement officer while that same citizen's complaint is being investigated by members of law enforcement, one of which is appointed by the person against whom the citizen is complaining. As stated in *Thornhill v. Alabama*, 310 U.S. 88, 101-102 (1940):

The freedom of speech and of the press guaranteed by the Constitution embraces at least the liberty to discuss publicly and truthfully all matter of public concern, without previous restraint or fear of subsequent punishment.

The Court notes that the State has made no showing that a lack of confidentiality would impair the workings of the complaint review board.

6. In reviewing the various cases cited in both memorandums and the Opinion of the Attorney General 078-16, January 31, 1978, the Court finds that the State has failed to demonstrate a compelling State interest or a clear and present danger to the workings of the review committee sufficient to overcome an individual's First Amendment rights in regards to imposing criminal sanctions for willfully disclosing his intention to file a complaint; the existence or contents of a complaint which has been filed with an agency; or any document, action or proceeding in connection with a confidential internal investigation of an agency, concerning allegations of misconduct by a law enforcement officer. Section 112.533(3), Florida Statutes, is in direct conflict with the First Amendment of the United States Constitution and is unconstitutional on its face. It is therefore

ORDERED AND ADJUDGED that Section 112.533(3), Florida Statutes, is unconstitutional and the Motions to Dismiss filed by the defendants Terry Leroy Gore and David Allen Peterson be and are hereby granted.