Mr. George Siegrist Chief of Police City of West Palm Beach Post Office Box 1390 West Palm Beach, Florida 33402 Attention: Ric L. Bradshaw Deputy Chief of Police
Dear Chief Siegrist:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS A MUNICIPALITY REQUIRED BY s. 112.532(2), F.S., TO CREATE AND UTILIZE A COMPLAINT REVIEW BOARD FOR INVESTIGATING AND RESOLVING COMPLAINTS FILED AGAINST MUNICIPAL POLICE OFFICERS PURSUANT TO s. 112.533, F.S.?
Part VI, Ch. 112, F.S., known as the Florida Law Enforcement Officer's Bill of Rights, provides in s. 112.532, F.S., for the rights of law enforcement and correctional officers while under investigation by their employing agency for any reason which could lead to disciplinary action, demotion, or dismissal. See, s.112.532(1), F.S. And see, s. 112.531, F.S., defining "[l]aw enforcement officer," "[c]orrectional officer," and "[e]mploying agency." Section 112.532 makes provision for the conditions under which law enforcement and correctional officers may be interrogated (s. 112.532[1][a]-[f], the recording of all formal interrogations of officers (s. 112.532[1][g], and the representation by counsel of any officer who requests such assistance (s. 112.532[1][i]. Subsection (2) of the statute provides for a complaint review board for law enforcement or correctional officers. And see, s. 112.532(3), F.S., authorizing a law enforcement or correctional officer to bring a civil suit for damages suffered during the performance of the officer's official duties or for abridgment of the officer's civil rights during the performance of the officer's official duties; s. 112.532(4), F.S., stating that no personnel action which may result in the loss of pay or benefits or which might be considered a punitive measure shall be taken against an officer unless such officer is notified of the action and the reason therefor prior to the effective date of the action; and s. 112.532(5), F.S., prohibiting the discharge, disciplining, demotion, transfer, reassignment or other discriminatory employment action against an officer resulting from the exercise of his or her rights under Part VI, Ch. 112, F.S.
Section 112.532(2), F.S., in providing for complaint review boards, prescribes the composition of such boards, stating that the board members shall be law enforcement or correctional officers from any state, county, or municipal agency within the county and that there shall be a separate board for law enforcement officers and a board for correctional officers the members of which shall be from the same discipline as the aggrieved officer. As noted in AGO 76-38 there are no provisions in this section or elsewhere in Part VI of Ch. 112, F.S., which establish or describe any powers, duties or functions for complaint review boards nor is there any expressed legislative statement regarding the intent or purpose of this legislation. See also, AGO 86-91. And see, Longo v. City of Hallandale, 42 Fla.Supp. 53, 59 (17th Cir. Broward Co., 1975), affirmed, 331 So.2d 397 (4 D.C.A. Fla., 1976), cert. den., 341 So.2d 1080
(Fla. 1976), in which the circuit court expressed its difficulty in ascertaining the powers and functions of the board and complained of the vagueness of the statute.
In Migliore v. City of Lauderhill, 415 So.2d 62 (4 D.C.A. Fla., 1982), affirmed, 431 So.2d 986 (Fla. 1983), the Fourth District Court of Appeal considered the function of police complaint review boards established pursuant to s. 112.532(2), F.S. While the court recognized that neither the statute nor any other applicable law explicates the function of the board and that "there is nothing to indicate that a policeman has a right to have his dismissal reviewed by the board," the district court concluded that the only statute containing a possible explanation of the duties of the complaint review boards is s. 112.533 relating to the receipt and processing of complaints. Supra at 64. Interpreting the language of s. 112.533, F.S., as "providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employes him," the court in Migliore stated that "[s]ections 112.533 and 112.532(2) are to be utilized for disposition of complaints made by outside persons and are not intended to provide a forum for any issue other than whether a particular complaint has a basis in fact." 415 So.2d at 64.
The appellants in Migliore had sought, inter alia, to have a complaint review board empanelled to review their discharge. The court, noting that appellants were discharged, not on the basis of the original written complaint against them made by persons outside the law enforcement agency, but on the basis of their refusal to obey the order of a superior officer, held that appellants were not entitled to a hearing before a complaint review board to test the validity of their discharge under those circumstances; however, "[u]nder our interpretation of the purpose of Section 112.532 et seq., appellants would have been entitled to a hearing on the basis of the original written complaint against them." Supra at 64. On appeal, the Florida Supreme Court affirmed and adopted the opinion of the Fourth District Court of Appeal as its own. Migliore v. City of Lauderhill, 431 So.2d 986 (Fla. 1983).
Thus, Part VI, Ch. 112, F.S., establishes certain rights for law enforcement and correctional officers under investigation by their employing agencies and s. 112.532, F.S., specifically, as interpreted by the courts in Migliore, affords such officers a means of vindicating their actions and reputations against unjustified claims made against them by persons outside their employing agencies. Based upon such interpretation of the foregoing statutes that the purpose of such legislative enactments is to afford and safeguard certain rights and privileges to law enforcement and correctional officers under investigation, I am of the view that a law enforcement officer is entitled to a hearing before a complaint review board regarding a complaint filed against such officer by a person outside his or her employing agency. However, inasmuch as the courts have determined that the statute affords the officer with such rights and in the absence of a more definitive statement by the courts as to the nature of such boards, I cannot state that a complaint review board must be convened in all instances to investigate and resolve complaints filed against a municipal police officer; rather I am inclined to the view that the statute only requires that the convening of such boards be available to the officer who is the subject of the complaint as a means of vindicating his actions if he or she so chooses. Such boards, however, are advisory only and may only recommend a course of action. See, City of Hallandale v. Inglima,346 So.2d 84, 86 (4 D.C.A. Fla., 1977) (decision of complaint review board is not adjudicatory but advisory only). And see, AGO 86-91 concluding that such boards are advisory only possessing no adjudicatory functions or powers although a municipality may utilize its home rule powers and accord such board adjudicatory or quasi-judicial powers but that it may not contravene, repeal, or modify any preexisting civil service law, charter act or general or special law nor may it provide for any type of judicial review. To the extent that previous opinions of this office may be inconsistent with the conclusions reached herein, they are hereby modified.
Therefore, until legislatively or judicially determined otherwise, it is my opinion that a municipality is required by s. 112.532(2), F.S., to convene and utilize a complaint review board for the disposition of complaints filed against municipal police officers by persons outside the municipal police department upon the request of the officers who are the subject of such complaints.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General