Mr. John Lewis Public Safety Director Department of Public Safety One Beach Drive, Southeast Suite 210 St. Petersburg, Florida 33701
Dear Mr. Lewis:
On behalf of the City of Sarasota Public Safety Department you ask substantially the following question:
Do the provisions of s. 112.533, F.S., apply to an investigation of a police officer who is the subject of a complaint by someone within the employing agency?
In sum:
Section 112.533, F.S., would appear to apply to complaints filed with the employing agency by any person, whether within or outside the agency.
Section 112.533, F.S., as amended by s. 3, Ch. 93-19, Laws of Florida, provides:
(1) Every law enforcement agency and correctional agency shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such agency from any person.
(2) A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or his designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either:
1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges. Notwithstanding the foregoing provisions, the officer who is the subject of the complaint may review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. If a witness to a complaint is incarcerated in a correctional facility and may be under the supervision of, or have contact with, the officer under investigation, only the names and written statements of the complainant and nonincarcerated witness may be reviewed by the officer under investigation immediately prior to the beginning of the investigative interview.
Thus, this section requires a law enforcement agency to establish a system for the receipt, investigation, and determination of complaints received by the agency from any person. It is unclear from the statute's language whether it applies exclusively to complaints originating outside the law enforcement agency or may be read to include complaints from a person within the agency. You have brought to this office's attention the case of Migliore v. City of Lauderhill,[1] in which The Supreme Court of Florida, considering s. 112.533, F.S. (1981), along with the provisions for complaint review boards in s. 112.532(2), concluded that such boards were not created to review disciplinary action against police officers. In Migliore, The Supreme Court of Florida adopted as its own an opinion from the Fourth District Court of Appeal in which that court concluded "[s]ections 112.533 and 112.532(2) are to be utilized for disposition of complaints made by outside persons and are not intended to provide a forum for an issue other than whether a particular complaint has a basis in fact."[2]
The district court in Migliore considered whether two police officers could use the complaint review board process in s.112.532(2), F.S., to review their dismissals from the force. The court concluded that s. 112.533, F.S. (1981), represented the only elaboration of the duties of a complaint review board mandated under s. 112.532(2), F.S. As stated by the court, the statute provides a law enforcement officer with "a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him."[3] Section 112.533, F.S. (1981), contained only the following provision: "Every agency employing law enforcement officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person." Subsequently, s.112.533, F.S., was amended to make the complaint and all information obtained as a result of the investigation exempt from public disclosure under s. 119.07, F.S.[4] These amendments are the later expression of the Legislature and would control.[5]
While the district court read ss. 112.532(2) and 112.533, F.S. (1981), together in order to explain the function of a complaint review board, the Supreme Court focused on the essential point of the opinion which was to clarify the function of such a board.
This resulted in the Court's affirming the district court's conclusion that complaint review boards authorized by s.112.532(2), F.S. (1981), were not created to review disciplinary action against police officers.[6] Thus, as has been subsequently determined by this office, complaint review boards may be used only for the disposition of complaints made by persons outside the agency.[7]
You refer to AGO 83-90, in which this office concluded that the confidentiality provisions in s. 112.533, F.S., applied to complaints filed by anyone, regardless of whether the complainant is a member of the public or of another agency or of the employing agency. In AGO 83-90, this office considered the language in s.112.533, F.S., as amended by Ch. 82-405, Laws of Florida and Ch. 83-136, Laws of Florida (not considered in the Migliore decisions). As noted in AGO 83-90, the legislative history of these amendments established that internal investigations, such as those for disciplinary or misconduct purposes, or investigations of citizen complaints would be affected by the changes, such that they would not be available for public inspection unless it was determined that the complaint was sustained.[8] Clearly, the Legislature was aware of the distinction between complaints filed by citizens outside a law enforcement agency and those filed by members of the agency, and decided to treat them the same under the amended provisions of s. 112.533, F.S.
The amended provisions in s. 112.533, F.S., have not been addressed by the judiciary, making it unclear as to how this statute, since its amendment, might be interpreted by the Supreme Court of Florida. Given the history of the amendments to the statute, however, it would appear that s. 112.533, F.S., is applicable to all complaints, whether they originate from within or outside the agency.
Accordingly, as a result of amendments subsequent to the Migliore decision, s. 112.533, F.S., may apply to investigations of complaints made by persons outside or inside the employing agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 431 So.2d 986 (Fla. 1983).
[2] Migliore v. City of Lauderhill, 415 So.2d 62, 64 (4 D.C.A. Fla., 1982).
[3] 415 So.2d at 64.
[4] Section 112.533(2), F.S. (1982 Supp.).
[5] Cf., s. 112.532(1)(d), F.S., providing that a law enforcement officer under investigation and subject to interrogation by members of his agency for any reason which could lead to disciplinary action, demotion, or dismissal, shall be informed of the nature of the investigation prior to any interrogation and shall be informed of the names of all complainants. This statutory provision has remained unchanged since the Migliore decision, while s. 112.533, F.S., has been expanded to include both internal as well as external complaints, as evidenced by s. 112.533(3), F.S., stating:
Any person who participates in an internal investigation . . . who willfully discloses any information obtained pursuant to the agency's investigation . . . before such complaint, document, action, or proceeding becomes a public record as provided in this section commits a misdemeanor of the first degree . . . . However, this subsection does not limit a law enforcement or correctional officer's ability to gain access to information under paragraph (2)(a).
[6] See, 431 So.2d at 987.
[7] See, AGO 86-91.
[8] See, Senate Governmental Operations Committee, Staff Analysis of SB 4-H, June 15, 1982.