Mr. Bruce R. Conroy Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You have asked for my opinion on substantially the following question:
If written notice is provided to a law enforcement officer of activity related to the investigation of a complaint filed against the officer pursuant to section 112.533, Florida Statutes, does that notice signal the conclusion of the investigation with the result that the complaint and information related thereto must be made public?
In sum:
A complaint and information gathered in the investigation of that complaint against a law enforcement officer become public records at the conclusion of the investigation or at such time as the investigation becomes inactive. The fact that written notice of intervening actions is provided to the officer under investigation does not signal the end of the investigation, nor would such notice result in the necessity of making this information public prior to the conclusion of the investigation.
According to your letter, the following is a description of the procedure used by the City of Cape Coral Police Department when a complaint is made against a police officer. Initially, the internal affairs lieutenant conducts an investigation and renders a recommendation to the police chief concerning his findings. Upon receipt of the recommendation, the police chief may decide to notify the subject of the complaint that, based upon the internal affairs recommendation, he is considering disciplinary action against the officer. The notice is provided in writing and states that "prior to final disposition being made in this matter, [the employee has] the right to present reasons why corrective action should not be taken against [him or her] in a Department Disciplinary Review Board." The actual decision on discipline is not made by the chief until after the predisciplinary hearing is conducted. If, however, the internal affairs lieutenant recommends that the complaint deemed "unfounded," the chief of police, if he agrees with the recommendation, would so advise the officer and no further action would be taken.
Based on the language of section 112.533(2)(a), Florida Statutes, you are unsure whether the information gathered in the internal affairs investigation becomes a public record when the predisciplinary notice is sent out to the officer.
Part VI, Chapter 112, Florida Statutes, known as the Law Enforcement Officers' Bill of Rights, was created to ensure certain rights for law enforcement and correctional officers. Section 112.533(1), Florida Statutes, requires every agency employing law enforcement officers or correctional officers to establish and implement a system for the receipt, investigation, and determination of complaints received by the agency from any person.[1]
Section 112.533(2)(a), Florida Statutes, as amended by section 722, Chapter 95-147, Laws of Florida,[2] provides in part that:
A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active,[3] or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either: 1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or 2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges. (e.s.)
Thus, pursuant to the statute, the information obtained during the course of the investigation is confidential until a determination has been made either to proceed or not to proceed with disciplinary action against an officer.
Apparently you are concerned that the procedure used by the police department of the City of Cape Coral, which involves sending out written notices during the course of the investigation, might be perceived as "the agency head . . . providing written notice to the officer" and would trigger the applicability of the Public Records Law to the complaint and information obtained in investigating the complaint.
The City of Cape Coral's procedure involves a predisciplinary hearing at which the officer may present evidence, after which a decision is made by the chief of police whether to proceed with discipline against the officer. Under this system, the investigation into the complaint is not complete until a point after the conclusion of the predisciplinary hearing. The fact that written notice of intervening actions is provided to the officer does not mean that the investigation has been concluded. Thus, it is not until after a determination has been made by the chief of police whether to take disciplinary action following the predisciplinary hearing that the complaint and information obtained during the investigation are subject to the Public Records Law.[4]
However, in those instances when the internal affairs lieutenant's recommendation is that the complaint is "unfounded," and the chief of police agrees with this recommendation, the investigation is completed at such time as written notice of this fact is provided to the officer. The department may, at this time, make the complaint and all information obtained pursuant to the investigation by the agency a matter of public record.
My review of the procedure you have described and of Cape Coral Police Department General Order B-30, entitled Processing Complaints Against Department Personnel, leads me to believe that the procedure you have described provides a law enforcement officer with an additional opportunity to explain his or her actions to the chief of police during the investigation of the complaint filed against the officer and prior to the chief's determination of probable cause to continue with disciplinary proceedings. It does not appear that this is an attempt to avoid making public records that would otherwise be public[5] nor is it an attempt to delay decision making.[6] Rather, this appears to constitute another step in an ongoing complaint investigation process.[7]
Therefore, it is my opinion that the complaint and information gathered in the investigation of a complaint against a law enforcement officer pursuant to section 112.533(2), Florida Statutes, become public records at the conclusion of the investigation or at such time as the investigation becomes inactive. The fact that written notice of intervening actions is provided to the officer under investigation does not signal the end of the investigation which would necessitate making this information public prior to the conclusion of the investigation.
Rather, under the scheme presented by the City of Cape Coral Police Department, the investigation would be concluded after the predisciplinary hearing is conducted and the chief of police has provided written notice of a formal decision on discipline to the officer.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982) (s. 112.533 provides a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him).
[2] Chapter 95-147, Laws of Florida, removes gender-specific references throughout volume 1 of the Florida Statutes without substantive changes in legal effect.
[3] An investigation ceases to be active pursuant to section112.533(2)(b), Florida Statutes, when it is no longer "continuing with a reasonable, good faith anticipation that an administrative finding will be made in the foreseeable future." Further "[a]n investigation shall be presumed to be inactive if no finding is made within 45 days after the complaint is filed."
[4] See, City of Delray Beach v. Barfield, 579 So.2d 315, 317
(Fla. 4th DCA 1991) ("When . . . a complaint is in writing and has been formally filed with the agency by someone, then [and only then] the exemption of subsection [2] of s. 112.533 may be applicable and prevent disclosure before a conclusion of the investigation and the issuance of a formal finding by the employing agency.")
[5] See, General Order of the Cape Coral Police Department B-30, which tracks the statutory language of s. 112.533(2)(a), Fla. Stat., providing for the release of complaint investigation information at the conclusion of the investigation or at such time as the investigation becomes inactive.
[6] I note that section V.C.2.a) of the General Order, supra, requires that "[a]ll investigations shall be completed within thirty days of receipt . . ." The order also provides that extensions may be granted by the Chief of Police.
[7] While s. 112.533, Fla. Stat., requires that law enforcement agencies establish a system for receiving and processing complaints and sets forth certain requirements for the confidentiality of investigations of these complaints, nothing in the statute evidences an attempt to set forth a uniform method for carrying out such investigations. Flexibility in establishing a system for handling such matters is provided to the individual law enforcement agencies.