PER CURIAM.
Petitioner filed for mandamus alleging that the trial court has not ruled on two motions he filed in separate cases in the circuit court. We deny the petition.
In case number 97-506, a criminal case, petitioner is seeking the return of $820 seized by the sheriff at the time of his arrest. He alleges that he filed a motion for its return which has not been acted on by the trial court. Without record support, petitioner claims that the money is not evidence in the case and does not relate to any charge against him. The state, however, responds that the money is being held as evidence in the criminal case, which has not been resolved. If the money is evidence, then petitioner’s right to its return must await the conclusion of the criminal case. Because the record does not show that mandamus is warranted to compel a specific ministerial duty, we deny relief. See Migliore v. City of Lauderhill, 415 So.2d 62, 68 (Fla. 4th DCA 1982), aff'd, 431 So.2d 986 (Fla.1983).
In case number 98-306 petitioner filed a motion for an adversarial hearing in a forfeiture proceeding, seeking the return of $4,009 which was confiscated from him during an arrest on March 5, 1998. However, petitioner filed the motion for hearing with the circuit court. Under section 932.703(2)(a), Florida Statutes (1997), an adversarial preliminary hearing must be requested by certified mail, return receipt requested from the seizing agency. In this case, the sheriff was the seizing agency. The petitioner has not shown that he made a request for a hearing from the seizing agency. The trial court does not have the duty to set the hearing under the statute. Therefore, the petition is denied.
STONE, C.J., WARNER and SHAHOOD, JJ., concur.