Chief Jerry L. Demings Orlando Police Department 100 South Hughey Avenue Orlando, Florida 32801
Dear Chief Demings:
You ask substantially the following questions:
1. In light of the recent amendments to section 112.533(2)(a), Florida Statutes, by Chapter 2000-184, Laws of Florida, is the statute violated by a policy providing that the law enforcement officer who is the subject of a complaint be interviewed first?
2. Does section 112.533, Florida Statutes, as amended, apply only to the receipt and processing of citizen complaints?
In sum:
1. Section 112.533(2)(a), Florida Statutes, as amended, which provides that the officer who is the subject of a complaint may review all statements, regardless of form, made by the complainant and witnesses immediately prior to the beginning of the investigative interview, does not prescribe the order in which interviews during the investigation must be conducted. Thus, a policy whereby the officer is interviewed first would not violate this subsection.
2. Section 112.533, Florida Statutes, applies to the receipt and processing of all complaints by any person, whether within or outside the agency.
Question One
Section 112.533(1), Florida Statutes, requires every law enforcement agency and correctional agency to establish and put into operation a system for the receipt, investigation, and determination of complaints received by such agency from any person. Pursuant to section 112.533(2)(a), Florida Statutes, complaints filed against such officers and all information obtained during the agency's investigation of the complaint are confidential and exempt from section 119.07(1), Florida Statutes, until the investigation ceases to be active or until the officer receives written notice that the agency has: 1) concluded the investigation with a finding not to proceed with disciplinary action or to file charges, or 2) concluded the investigation with a finding to proceed with disciplinary action or to file charges.
Prior to the 2000 legislative session, section 112.533(2)(a), Florida Statutes, authorized the law enforcement officer or correctional officer who is the subject of the complaint to review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. In considering this language, this office stated that section 112.533(2)(a) did not authorize a law enforcement officer who is the subject of a complaint to review audio cassettes of oral statements that had not been reduced to writing.[1] In addition, this office concluded that while nothing in sections 112.531-112.534, Florida Statutes, precluded an agency from reducing all oral statements to writing before the officer under investigation is interviewed, the Law Enforcement Officers' Bill of Rights did not require that such action be taken.[2]
During the 2000 legislative session, section 112.533(2)(a), Florida Statutes, was amended to provide in part that "the officer who is the subject of the complaint may review the complaint and all statements regardless of form made by the complainant and witnesses immediately prior to the beginning of the investigative interview."[3] Thus, as amended, the statute allows the officer under investigation to review all statements, whether written or recorded, made by the complainant or on behalf of the complainant and witnesses, immediately prior to any investigative interview.
No provision of section 112.533, Florida Statutes, either before or after the 2000 amendment, dictated when the interview of the officer under investigation must be conducted. The amendment by the 2000 Legislature merely broadened the officer's access to statements made by the complainant and witnesses; it did not address the order in which witnesses and the officer must be interviewed. In the absence of legislative direction in this regard, I cannot conclude that such a requirement may be inferred from the terms of the statute.
Prior to a change in 1989,[4] section 112.533(2)(a), Florida Statutes, did not provide a law enforcement officer or correctional officer who was the subject of a complaint with the right to review the complaint and any written witness statements.[5] The amendment in 1989 permitting the officer access to the filed complaint and any written statements of witnesses immediately prior to his or her investigative interview sought to provide the officer with greater information regarding the nature of the complaint prior to the officer's questioning. It did not, however, entitle the officer to all information regarding the investigation.[6]
Similarly, the 2000 amendment provides the officer with even more information prior to being interviewed by the officer's employing agency. The officer is now entitled to review the complaint and all statements, regardless of form, made by the complainant and witnesses immediately prior to the officer's investigative interview.[7] Section 112.533(2)(a), Florida Statutes, however, does not entitle the officer to review all evidence or information obtained during the investigative process; rather it only ensures that the officer who is about to be questioned by the employing agency is aware of the contents of the complaint and any existing statements by the complainant and witnesses.
Accordingly, I am of the view that a policy providing that the law enforcement officer who is the subject of the complaint be interviewed first does not violate section 112.533(2)(a), Florida Statutes.
Question Two
You refer to the decision in Migliore v. City of Lauderhill[8] for the proposition that section 112.533(2)(a), Florida Statutes, applies only to "external" complaints received from persons outside the law enforcement agency. In Attorney General Opinion 93-61, this office considered several statutory changes made to section 112.533, Florida Statutes, in 1982 and 1983 that were not considered by the Migliore court. Although the Migliore decision was rendered in 1983, the court was interpreting the 1981 version of section 112.533.
Based upon the statutory changes,[9] this office concluded that the provisions of section 112.533, Florida Statutes, were applicable to any complaint against a law enforcement officer filed with the employing agency by any person, whether within or outside the agency.[10]
You also refer to Attorney General Opinion 86-91. That opinion considered the provisions of section 112.532, Florida Statutes, which addressed the convening of complaint review boards. This office concluded that complaint review boards may be used only for the disposition of complaints made by persons outside the agency employing the law enforcement officer in question.
The provisions of section 112.533, Florida Statutes, however, are broader in scope, requiring an agency employing law enforcement officers or correctional officers to establish a system for the receipt and processing of outside complaints made against such officers by "any person." This office on several occasions has reiterated its position that the provisions of section 112.533, Florida Statutes, referring to complaints filed by "any person" refer to complaints filed by persons within the law enforcement agency as well as those filed by persons outside the agency.[11]
Accordingly, I am of the opinion that section 112.533, Florida Statutes, applies to the receipt and processing of all complaints by any person, whether within or outside the agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Op. Att'y Gen. Fla. 95-41 (1995).
[2] Id.
[3] Section 2, Ch. 00-184, Laws of Florida. The act became effective July 1, 2000. See, s. 5, Ch. 00-184, Laws of Florida.
[4] See, s. 2, Ch. 89-223, Laws of Florida.
[5] Cf., 112.532(1)(d), Fla. Stat., requiring that the officer under investigation be informed of the nature, i.e., the type or general character, of the investigation and the name of the complainant prior to interrogation; Op. Att'y Gen. Fla. 86-26 (1986) (s. 112.532(1)(d) does not require affirmative disclosure of specific items of evidence or specific statements of complainants and officer's right to be informed of the name of all complainants requires nothing more than that he or she be furnished with such names).
[6] See, Op. Att'y Gen. Fla. 95-41 (1995), stating that s.112.533(2)(a), Fla. Stat. (1995) did not entitle a law enforcement officer against whom a complaint has been filed to review audio cassettes of oral statements which have not been reduced to writing.
[7] See, Staff Analysis of the House of Representatives as revised by the Committee on Judiciary on HB 937, dated April 11, 2000, stating:
"The bill amends s. 112.533, F.S., which allows law enforcement officers and correctional officers to review all written statements made pertaining to any complaint against the officer. The bill is [sic] amends this statutory section to allow for the review of all statements (whether written or recorded) made by the complainant or on behalf of the complainant and witnesses, immediately prior to any investigative interview."
[8] 415 So.2d 62 (Fla. 4th DCA 1982), approved, 431 So.2d 986
(Fla. 1983).
[9] See, Chs. 82-405 and 83-136, Laws of Florida.
[10] And see, Op. Att'y Gen. Fla. 83-90 (1983) (provisions of s.112.533[1] apply to complaints filed by any person, regardless of whether that person is a member of the public or another agency or of the employing agency).
[11] See, Op. Att'y Gen. Fla. 97-62 (1997); and Inf. Op. to the Honorable Frank Farkas, dated May 5, 1999. If the provisions of section 112.533 were applicable only to complaints filed by persons outside the employing agency, the records relating to the internal investigation of an in-house complaint would not be subject to the exemption afforded by section 112.533. Such a conclusion was rejected in Op. Att'y Gen. Fla. 83-90 (1983).