Ms. Jerri A. Blair Wildwood City Attorney Post Office Box 130 Tavares, Florida 32778
Dear Ms. Blair:
On behalf of the City of Wildwood, you ask substantially the following question:
Does section 112.532(1), Florida Statutes, apply to a situation where a police officer, as defined in section 112.531(1), Florida Statutes, is accused of violating the agency's rules and regulations?
In sum:
Section 112.532(1), Florida Statutes, applies to any situation in which a law enforcement agency is conducting an internal investigation of a law enforcement officer, as defined in section112.531, Florida Statutes, and the officer is subject to interrogation by members of the law enforcement agency for any reason that could lead to disciplinary action, demotion, or dismissal. Thus, the rights and privileges afforded by section112.532(1) would be applicable to situations in which the officer is under investigation and subject to interrogation by his or her agency based upon an alleged violation of the agency's rules and regulations.
Part VI of Chapter 112, Florida Statutes,[1] commonly referred to as "The Law Enforcement Officers' and Correctional Officers' Bill of Rights," is designed to ensure certain rights for law enforcement and correctional officers. As the court stated inLongo v. City of Hallandale,[2] Part VI of Chapter 112, Florida Statutes, applies only to "intradepartmental interrogation and investigation, and [has] as its purpose the protection of subordinate officers from `third degree' tactics by superior officers. . . ." The term "law enforcement officer" is defined in section 112.531(1), Florida Statutes, to mean "any person, otherthan a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state; and includes any person who is appointed by the sheriff as a deputy sheriff pursuant to s. 30.07." (e.s.)
Section 112.532, Florida Statutes, provides that all law enforcement officers employed by an employing agency shall have certain specified rights and privileges. Such rights and privileges include, among others, the establishment of complaint review boards;[3] the right to bring civil suits;[4] the right to have notice of disciplinary action;[5] and the prohibition against retaliatory action being taken against law enforcement officers or correctional officers who exercise their rights.[6]
Section 112.532(1), Florida Statutes, specifically requires that "[w]henever a law enforcement officer or correctional officer[7]
is under investigation and subject to interrogation by members of his or her agency for any reason which could lead to disciplinary action, demotion, or dismissal," the interrogation must be conducted under the conditions prescribed by the statute. Such conditions include the requirement that the interrogation be conducted at a reasonable time, for reasonable periods, either at the office of the command of the investigating officer or at the office of the local precinct, police unit, or correctional unit in which the incident allegedly occurred. The officer is entitled to be informed of the rank, name, and command of the officer in charge of the investigation, the interrogating officer, and those present, as well as the nature of the investigation and the names of all complainants.
You question, however, whether the Law Enforcement Officers' Bill of Rights applies to situations where an officer is accused of violating departmental rules or whether it is limited to situations where, for example, the agency receives a complaint from outside the agency.
In Migliore v. City of Lauderhill,[8] the district court, in an opinion subsequently adopted by the Florida Supreme Court, considered the scope and purpose of complaint review boards established pursuant to section 112.532(2), Florida Statutes. The court noted that neither section 112.532(2) nor any other applicable law explicates the function of the complaint review board:
"[T]here is nothing to indicate that a policeman [law enforcement officer or correctional officer] has a right to have his dismissal reviewed by the board. In fact, the only statutory provision containing a possible explanation of the duties of the complaint review board is Section 112.533."[9]
The court thus interpreted section 112.533, Florida Statutes, as "providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him."[10] The court concluded:
"Sections 112.533 and 112.532(2) are to be utilized for disposition of complaints made by outside persons and are not intended to provide a forum for any issue other than whether a particular complaint has a basis in fact."[11]
Since the appellants in Migliore were dismissed from the municipal police department not on the basis of an outside complaint, but for their refusal to obey the order of a superior officer, the court held that a complaint review board was not available to test the validity of their dismissal.
The Migliore court, however, recognized the broader scope of section 112.532(4), Florida Statutes, which required notice for dismissal, demotion, transfer, reassignment, or other personnel action that might result in a loss of pay or benefits. In concluding that the role of the complaint review board was limited to consideration of outside complaints, the court stated that if the Legislature had intended complaint review boards to consider situations such as those set forth in subsection (4), it clearly could have referenced that subsection.
The language of subsection (1) of section 112.532, Florida Statutes, is equally broad. The rights and privileges prescribed in that subsection apply to any inquiry into the officer's conduct by his or her agency that could "for any reason" lead to disciplinary action, demotion, or dismissal. The term "any" is often synonymous with "every" or "all."[12] Thus, the plain language of the statute indicates that its guarantees apply to all situations in which an officer could be subject to disciplinary action, demotion, or dismissal. The use of the phrase "for any reason" demonstrates an intent of the Legislature not to limit application of the statute to consideration of outside complaints only or criminal charges, although both clearly fall within the parameters of subsection (1) if such inquiry could lead to disciplinary action, demotion, or dismissal.[13]
Thus, in Attorney General Opinion 90-65, this office stated that any inquiry into the propriety of an officer's conduct by members of his agency "for any reason which could lead to disciplinary action, demotion, or dismissal" would be subject to the safeguards of the Law Enforcement Officers' Bill of Rights.
Moreover, in Attorney General Opinion 93-61, this office considered several statutory changes made to section 112.533, Florida Statutes, in 1982 and 1983 that were not considered by theMigliore court. Although the Migliore decision was rendered in 1983, the court was interpreting the 1981 version of section112.533. Based upon the statutory changes,[14] this office concluded that the provisions of section 112.533, Florida Statutes, were applicable to any complaint against a law enforcement officer filed with the employing agency by any person, whether within or outside the agency.[15]
Accordingly, I am of the opinion that section 112.532(1), Florida Statutes, applies to any situation in which a law enforcement agency is conducting an internal investigation of a law enforcement officer, as defined in section 112.531(1), Florida Statutes, and the officer is subject to interrogation by members of the law enforcement agency for any reason that could lead to disciplinary action, demotion, or dismissal. Thus, the rights and privileges afforded by section 112.532(1) would be applicable to situations in which the officer is under investigation and subject to interrogation by his or her agency based upon a violation of the agency's rules and regulations.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Sections 112.531-112.534, Fla. Stat.
[2] 42 Fla. Supp. 53, 57 (17th Cir. Broward Co., 1975),affirmed, 331 So.2d 397 (Fla. 4th DCA 1976), cert. den.,341 So.2d 1080 (Fla. 1976).
[3] Section 112.532(2), Fla. Stat.
[4] Section 112.532(3), Fla. Stat.
[5] Section 112.532(4), Fla. Stat.
[6] Section 112.532(5), Fla. Stat.
[7] See, s. 112.531(2), Fla. Stat., defining "Correctional officer" as:
(2) "Correctional officer" means any person, other than a warden, who is appointed or employed full time by the state or any political subdivision thereof whose primary responsibility is the supervision, protection, care, custody, or control of inmates within a correctional institution; and includes correctional probation officers, as defined in s. 943.10(3). However, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.
[8] 415 So.2d 62 (Fla. 4th DCA 1982), approved, 431 So.2d 986
(Fla. 1983).
[9] 415 So.2d at 64.
[10] Id.
[11] 415 So.2d at 64.
[12] See, Black's Law Dictionary Any p. 86 (5th ed. 1979); Webster's Third New International Dictionary Any p. 97 (unabridged ed. 1981) ("one, no matter what one: every").
[13] Cf., s. 112.532(1)(j), Fla. Stat., which states that notwithstanding the rights and privileges provided by Part VI, Ch. 112, Fla. Const., Part VI does not limit the right of an agency to discipline or to pursue criminal charges against an officer.
[14] See, Chs. 82-405 and 83-136, Laws of Florida.
[15] And see, Ops. Att'y Gen. Fla. 83-90 (1983) (provisions of s. 112.533[1] apply to complaints filed by any person, regardless of whether that person is a member of the public or another agency or of the employing agency); 00-64 (2000).