927 So.2d 1068 (2006)
STRANAHAN HOUSE, INC., a Florida not-for-profit corporation, and Friends of the Park at Stranahan House, Inc., a Florida not-for-profit corporation, Petitioners,
v.
CITY OF FORT LAUDERDALE, a Florida municipal corporation, Coolidge-South Markets Equities, L.P., a foreign limited partnership, Respondents.
No. 4D05-2138.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*1069 W. Tucker Gibbs of W. Tucker Gibbs, P.A., Coconut Grove, and Mark Journey and Kendall Coffey of Coffey & Wright, L.L.P., Miami, for petitioners.
Alain E. Boileau and Robert H. Schwartz of Adorno & Yoss LLP, Ft. Lauderdale, for respondent City of Fort Lauderdale.
Jack J. Aiello and Robert Hackleman of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for respondent Coolidge-South Markets Equities, L.P., a foreign limited partnership.
MAY, J.
Stranahan House, Inc., and Friends of the Park at Stranahan House, Inc., both Florida not-for-profit corporations, filed a petition for writ of certiorari seeking to quash a trial court order that denied their petition for writ of mandamus.[1] They argue the trial court applied the wrong law in ruling on their petition. We agree and grant the petition, issue the writ, and quash the order of the trial court.
On April 21, 2005, the City of Fort Lauderdale sent a letter to the petitioners indicating that the Historic Preservation Board [HPB] would not proceed with their application for designation of the Stranahan House, Trading Post and Camp Site as an historic landmark based upon the advice of the City's attorney. On May 5, 2005, the petitioners filed a petition for a writ of mandamus in the circuit court seeking to require the City to accept, process, and review its application. The circuit court denied the petition on May 13, 2005, finding that petitioners had failed to establish a clear entitlement to the writ based upon the discretion provided to the HPB in designating historic sites.
On this second tier certiorari review, we are restricted to determining whether the circuit court afforded procedural due process and applied the correct law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
The petitioners contend that once they submitted their application for historic designation pursuant to the Unified Land Development Regulations [ULDR], the City's only duty was to ensure the application was complete before submitting it to the HPB, a ministerial act. They argue that the City refused to perform that ministerial act and the trial court erred when it denied the petition for writ of mandamus. We agree.
The Unified Land Development Regulations [ULDR] provide:
a. An application for an historic designation shall be submitted to the historic preservation board for review.
b. Within sixty (60) days of submission of a complete application, after notice *1070 is given in accordance with Sec. 47-27.7, Notice Procedures for Public Hearings, the board shall hold a public hearing to consider the application and the record and recommendations forwarded by the department and shall hear public comment on the application.
c. The board shall review the application and decide if it meets the criteria for designation as provided in this section.
§ 47-24.11.B.3 Fort Lauderdale, Fla., Code (1997) (emphasis added). The ULDR provides that the application shall be submitted. By refusing to submit the application to the HPB, the City prohibited the application from being considered by the HPB, the process identified in the ULDR.
The trial court found that petitioners had failed to establish a clear entitlement to the writ of mandamus. While the trial court agreed that subsections (a) and (b) of the ULDR provide a mandatory, nondiscretionary duty to set the application for hearing within 60 days of receiving a completed application, it read those subsections that provide the HPB with discretion. The trial court then reasoned that the HPB's designation of a historic site is ultimately a discretionary act, and not subject to the issuance of a writ of mandamus. In reaching this conclusion, however, the trial court overlooked the real issue: whether the City can refuse to accept a completed application and forward it to the HPB.
The City responds that the HPB had not previously objected to the development plan for the property and a circuit court in an eminent domain proceeding had already determined that the City had failed to "present substantial, competent evidence showing [the land was] a historical resource. . . ." The City suggests that the HPB's conclusion is therefore a fait accompli. It then argues that mandamus will not lie to require the performance of a futile act. See Migliore v. City of Lauderhill, 415 So.2d 62, 65 (Fla. 4th DCA 1982).
We do not dispute the principles espoused by the City, but find their application misplaced. First, the decision not to designate the property as a historical landmark was not a decision of the HPB, but rather a decision of another trial court in eminent domain proceedings involving the same property. Second, while the HPB may reach the same conclusion, the application should be processed in compliance with the ULDR.
We therefore grant the petition, issue the writ, and quash the order of the trial court with directions to issue the writ of mandamus requiring the City to forward the application to the HPB.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] The respondents are the City of Fort Lauderdale, and the owner of the property adjoining the Stranahan House, Coolidge-South Markets Equities, L.P., a foreign limited partnership. Although both respondents filed Responses, which have been considered, the opinion refers only to the City for ease of reference.