CLARK, J.,
dissenting.
I would reverse the PERC’s affirmance of the disciplinary action because section 112.532(6)(a), Florida Statutes is not limited to actions stemming from complaints from persons outside the agency. The Department of Corrections has erroneously interpreted a provision of law, and the PERC’s affirmance of this decision was likewise erroneous.
There was no dispute of fact and all parties agreed that more than 180 days elapsed between the filing of the “incident report” and the date of the notice to the employee of disciplinary action. Section 112.532(6), Florida Statutes clearly states:
(6) LIMITATIONS PERIOD FOR DISCIPLINARY ACTIONS.—
(a) Except as provided in this subsection, disciplinary action, suspension, demotion, or dismissal may not be undertaken by an agency against a law enforcement officer or correctional officer for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within 180 days after the date the agency receives notice of the allegation by a per *496 son authorized by the agency to initiate an investigation of the misconduct. If the agency determines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action, along with a proposal of the specific action sought, including length of suspension, if applicable. Notice to the officer must be provided within 180 days after the date the agency received notice of the alleged misconduct ... [with exceptions not applicable here].
The statute does not require a correctional officer to defend against untimely disciplinary action by filing an action for in-junctive relief in the circuit court. The provision in section 112.532(3) recognizing that correctional officers may bring suit for damages for violation of the officer’s civil rights has no effect on the limitations period for agency disciplinary action in section 112.532(6). The absence of a pending civil lawsuit for damages by the correctional officer to vindicate his or her civil rights does not extend the limitations period or otherwise make untimely agency disciplinary action timely.
There is no uncertainty in the language of section 112.532(6) which needs interpretation, and no language which restricts the application of the limitations period to those disciplinary actions resulting from complaints from outside the agency. The case of Migliore v. City of Lauderhill, 431 So.2d 986 (Fla.1983), upon which the PERC relied in this case, did not pertain to the limitations period for state agency disciplinary actions set out in section 112.532(6), Florida Statutes. In Migliore, city police officers who had been discharged sought the extraordinary writ of mandamus to compel the City of Lauder-hill to reinstate them, award them back pay, and to empanel a complaint review board as provided for in section 112.532(2), Florida Statutes (1981). The Florida Supreme Court held that complaint review boards under section 112.532(2) were not created to review agency disciplinary action taken against city police officers. The Court also ruled that the city police officers suing for reinstatement were required to exhaust their City of Lauderhill administrative remedies available from the city’s civil service board prior to seeking the extraordinary writ of mandamus or injunc-tive relief to compel official action. Nothing in the Migliore opinion indicates that section 112.532, Florida Statutes applies only in situations where members of the public file complaints against employed law enforcement or correctional officers, and not to investigations initiated by an incident report from within the agency.
The “outside complaint” limitation for complaint review board proceedings was suggested in the opinion of the Fourth District Court of Appeal, Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA 1982). There, when speculating as to the function of a complaint review board as described in section 112.532(2), the District Court of Appeal looked to the phrase “receipt, investigation, and determination of complaints received by such employing agency from any person.” § 112.533(1)(a), Fla. Stat. Seeking an explanation of complaint review board duties, the court stated: “We interpret the statute as providing a law enforcement officer with a means of vindicating his actions and his reputation against unjust and unjustifiable claims made against him by persons outside the agency which employs him.” Migliore v. City of Lauderhill, 415 So.2d 62, 64. This conjecture about the proper use of the statutory complaint review board by an officer seeking reinstatement after discharge has no application to the limitations period restricting the time for agency dis *497 ciplinary action against a correctional officer.
Had the legislature intended to place a time limit only upon disciplinary actions resulting from external complaints and not upon disciplinary actions originating within the employing agency, it would have specified such differentiation in section 112.532. Because there is no language in the statute indicating any such division based upon the source of the allegation of wrongdoing by the correctional officer, the Department of Corrections’ refusal to apply section 112.532(6) in this case was an erroneous interpretation of the law and should have been reversed by the PERC. Accordingly, I dissent.